# Exhibit 1

| | |
|---|---|
| **From:** | Okuliar, Alexander |
| **Sent:** | Friday, March 20, 2026 10:49 AM |
| **To:** | Olasa, Kuruvilla; rmorgan@nexstar.tv; ian.john@kirkland.com; kkirby@wiley.law |
| **Cc:** | Pomerantz, Glenn; Raphael, Justin; Hu, April; Olivier Antoine; Emily Blackburn; Adelson, Eliot A.; Manoso, Robert W.; DiCunzolo, Alexa Rae; Xia, Rita |
| **Subject:** | RE: DIRECTV, LLC v. Nexstar Media Group, Inc., (E.D. Cal.) |

Counsel,

We write in response to your March 19 correspondence about a request for emergency relief.

First, your outreach ignores the local rules and Judge Nunley's standing orders. If Plaintiff intends to seek a TRO, it cannot do so by ambush—particularly here where there is clearly no imminent, irreparable harm from an already-closed deal—and must comply with the applicable rules, including providing the required service, motion papers, supporting evidence, proposed orders, a proposed briefing schedule, and a proposed hearing date.

Second, the relief sought in your Complaint is no longer available. The transaction has closed following over five months of publicized review by the DOJ and FCC – a process in which you participated. Your letter now suggests that you will seek a different form of relief, a hold-separate order, which was not sought in the Complaint and constitutes a materially different and extraordinary remedy.  A hold-separate order will impose immediate operational constraints and significant costs on a completed transaction without any showing of imminent harm.

Third, you seek extraordinary relief but have not identified any imminent harm. To the contrary, DTV has an existing retransmission contract with Nexstar that does not expire for months. The FCC's Order, issued after your complaint, includes an enforceable commitment by Nexstar to offer to extend, on current terms, any retransmission consent agreement in effect at the time of the closing that expires before November 30, 2026. **Thus, if accepted by the Plaintiff, there will be no changes in the parties' existing retransmission agreement through November 30, 2026.** No possible harm could occur to you or your putative relevant market. On the other hand, a TRO would impose enormous burden and costs on Nexstar, prevent it from achieving synergies, thwart the public interest of the United States in realizing this deal's many benefits, as found by the FCC, and deny those benefits to millions of Americans.

Fourth, any claimed urgency is of your own making. Plaintiff has been aware of this transaction since it was announced last August.  Having chosen not to engage with us during this months-long window, Plaintiff cannot now manufacture an "emergency." Your conduct strongly suggests this action is a retransmission re-negotiation tactic dressed up to look like an antitrust lawsuit.

Finally, instead of engaging with us, you chose to file a complaint in the middle of the night and impose arbitrary and unreasonable deadlines. You sent another email late last night, this time claiming you will seek a hearing the following afternoon. The late-night timing and manner of this request, like the late-night filing of the Complaint, suggests Plaintiff's goal is to disrupt and burden us rather than to address any imminent competitive harm.

We will oppose any application for a TRO or other emergency relief because of all these procedural and substantive deficiencies.

-Alex

**From:** Olasa, Kuruvilla <Kuruvilla.Olasa@mto.com>
**Sent:** Thursday, March 19, 2026 10:53 PM
**To:** rmorgan@nexstar.tv; atolston@tegna.com; ian.john@kirkland.com; kkirby@wiley.law; nofitts@wlrk.com; jjohnson@cov.com; Okuliar, Alexander <AOkuliar@mofo.com>
**Cc:** Pomerantz, Glenn <Glenn.Pomerantz@mto.com>; Raphael, Justin <Justin.Raphael@mto.com>; Hu, April <April.Hu@mto.com>; Olivier Antoine <oantoine@kslaw.com>; Emily Blackburn <eblackburn@kslaw.com>
**Subject:** RE: DIRECTV, LLC v. Nexstar Media Group, Inc., (E.D. Cal.)


<mark>External Email</mark>

_____

Counsel,

Please see the attached correspondence.

Thank you,
Kuru Olasa
Counsel for DIRECTV

**Kuruvilla J. Olasa** | **Munger, Tolles & Olson LLP**
350 South Grand Avenue | Los Angeles, CA 90071
Tel:  213.683.9530 | kuruvilla.olasa@mto.com | www.mto.com


**From:** Olasa, Kuruvilla
**Sent:** Wednesday, March 18, 2026 11:13 PM
**To:** rmorgan@nexstar.tv; atolston@tegna.com; ian.john@kirkland.com; kkirby@wiley.law; nofitts@wlrk.com; jjohnson@cov.com; aokuliar@mofo.com
**Cc:** Pomerantz, Glenn <Glenn.Pomerantz@mto.com>; Raphael, Justin <Justin.Raphael@mto.com>; Hu, April <April.Hu@mto.com>; Olivier Antoine <oantoine@kslaw.com>; Emily Blackburn <eblackburn@kslaw.com>
**Subject:** DIRECTV, LLC v. Nexstar Media Group, Inc., (E.D. Cal.)

Counsel,

Please see the attached correspondence from Glenn Pomerantz regarding the enclosed Complaint filed today by DIRECTV to enjoin the merger of Nexstar Media Group, Inc. and TEGNA, Inc. on the basis that it violates Section 7 of the Clayton Act.  We request Defendants' position by 5:00 PM Eastern Time on March 19, 2026.

Thank you,
Kuru Olasa
Counsel for DIRECTV

**Kuruvilla J. Olasa | Munger, Tolles & Olson LLP**
350 South Grand Avenue | Los Angeles, CA 90071
Tel:  213.683.9530 | kuruvilla.olasa@mto.com | www.mto.com