UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

DIRECTV, LLC,
                    *Plaintiff*,

          v.                                          Case No. 2:26-cv-00976-TLN-CKD

Nexstar Media Group, Inc., and TEGNA Inc.,

                    *Defendants*.

**DECLARATION OF LEE ANN GLIHA IN SUPPORT OF DEFENDANTS'
NOTICE AND PROPOSALS SEEKING COMPLIANCE GUIDANCE
UNDER THE TEMPORARY RESTRAINING ORDER**

I, Lee Ann Gliha, declare pursuant to 28 U.S.C. § 1746 as follows:

1.       I am Chief Financial Officer of Nexstar Media Group, Inc. ("Nexstar").  I submit this declaration in support of Defendants' Notice and Proposals Seeking Compliance Guidance Under the Temporary Restraining Order.

2.       I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently to them under oath.

3.       As explained below, compliance with the Court's Temporary Restraining Order issued on March 27, 2026 ("Order"), (ECF No. 60), as currently written will cause irreparable harm to Nexstar, TEGNA Inc. ("TEGNA"), and the combined enterprise.  Moreover, the Order contains numerous ambiguities and internal contradictions that make full compliance impossible without clarification from the Court.

4.       The Order requires Nexstar to "hold separate all assets, rights, and licenses acquired as a result of the Transaction" and prohibits the transfer of assets "to any other entity, including any Nexstar affiliate other than TEGNA or one of its pre-existing direct or indirect subsidiaries." (Order ¶ 5).  However, the Order also requires that Nexstar "provide sufficient working capital

and lines and sources of credit to continue to maintain the Acquired Stations as economically viable and competitive, ongoing businesses." (Order ¶ 9). ████████████

████████████████████████

████████████████████████

██████████████

5.     █████████████████████████████

██████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████

██████████████████████████████

██████████████████████████████

████████████████████████

████████████████████

6.     The Order appears to recognize the need to facilitate debt service and repayment by requiring that Nexstar "provide sufficient working capital and lines and sources of credit to continue to maintain the Acquired Stations as economically viable and competitive, ongoing businesses." (Order ¶ 9). ██████████████

██████████████████████████████

████████████████████████

██████████████████████████████

████████████████

DECLARATION OF LEE ANN GLIHA

7.     For avoidance of doubt and clarification, I note that the Order also references the FCC's Equity/Debt Plus rule which I do not believe is applicable. (Order ¶ 9). That rule is meant to apply only to non-wholly owned entities and TEGNA is a wholly-owned subsidiary of Nexstar.

8.     The Order requires that Nexstar "hold separate all assets…acquired," but it does not refer to the liabilities. (Order ¶ 5). ████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████ which would contradict the Order's requirement that Nexstar "maintain the Acquired Stations as economically viable and competitive, ongoing businesses." (Order ¶ 9).

9.     Further, the Order's prohibition on transfer of TEGNA's assets, which assets include cash, would be in violation of the agreements TEGNA has made with respect to the service of the outstanding debt. (Order ¶ 5). ████████████████████████ ██████████████████████████████████████████████ ████████████████████████████████

10.    To comply with the spirit of the Order, Nexstar must ███████████████ ██████████████████████████████████████████████ ██████████████████████████

11.    In addition, the following processes described in ¶¶ 12–14 below are ongoing and are binding contractual obligations under its debt covenants required to be completed. The Order's restrictions on asset transfers and integration create substantial uncertainty about whether Nexstar can do so. (See Order ¶¶ 1, 5). These obligations arise within a defined post-closing period (generally 45–90 days), further underscoring their immediacy.

12.    ████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████



Any inability to execute on these requirements would constitute a breach of existing obligations and harm the economic viability of TEGNA.

13.

Any inability to execute on these requirements would constitute a breach of existing obligations and harm the economic viability of TEGNA.

14.

15.

16.     This arrangement creates an impossible situation under the Order: yet Nexstar is

4                    DECLARATION OF LEE ANN GLIHA

prohibited from "influenc[ing] the management" of TEGNA or its "decision-making."  (Order ¶ 4).

17.     To comply with the Order's requirement that "TEGNA personnel must maintain control over TEGNA's decision-making" ██████████████████████████████████ ██████████████████████████████ (Order ¶ 4).  ██████████████████ ████████████████████████████████████████ ████████████

18.     ██████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████ even though they are necessary to achieve the Order's objective of "maintain[ing] TEGNA as an ongoing, economically viable, and active competitor."  (Order ¶ 2).

19.     ████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████████████████████████████

20.     ████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████

21.     Importantly, Nexstar has ongoing SEC and debt agreement reporting obligations that require the inclusion of TEGNA's financial information into Nexstar's reports from the date of closing.  These obligations include ████████████████████████████████████ ████████ including TEGNA's financial information.  These obligations also require representation by Nexstar management as to the accuracy of the financial statements, including compliance with internal controls and procedures.  This means Nexstar management must have

the ability to oversee such controls and procedures, including those of TEGNA.  If Nexstar is unable to fulfill these requirements, Nexstar and TEGNA will be in breach of securities laws and SEC rules and of its debt covenants and obligations.  Such breaches could result in litigation, SEC enforcement actions, material loss of equity value, and the accelerated requirement to repay debt obligations which Nexstar would not be able to do.

22.     The Order's separation requirements create uncertainty about whether these necessary reporting and accounting activities may proceed.  (*See* Order ¶¶ 2, 5, 10).

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 30 day of March, 2026, in Irving, Texas.

By: _Lee Ann Gliha_

Lee Ann Gliha