ROB BONTA
Attorney General of California
PAULA BLIZZARD (SBN 207920)
Senior Assistant Attorney General
LAURA ANTONINI (SBN 271658)
PAUL CHANDER (SBN 305133)
ELIZABETH CHEEVER (SBN 341421)
EMILY CURRAN (SBN 293065)
KOMAL K. PATEL (SBN 342765)
CONNIE P. SUNG (SBN 304242)
BRIAN WANG (SBN 284490)
Deputy Attorneys General
  455 Golden Gate Ave., Suite 11000
  San Francisco, CA 94102
  Telephone: (415) 510-3495
  E-mail: Laura.Antonini@doj.ca.gov
*Attorneys for Plaintiff, The State of California*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| **In Re: Nexstar-TEGNA Merger Litigation** | Case No. 2:26-cv-00976-TLN-CKD |
| **THE STATE OF CALIFORNIA, THE STATE OF COLORADO, THE STATE OF CONNECTICUT, THE STATE OF ILLINOIS, THE STATE OF NEW YORK, THE STATE OF NORTH CAROLINA, THE STATE OF OREGON, AND THE COMMONWEALTH OF VIRGINIA**<br><br>Plaintiffs,<br><br>v.<br><br>**NEXSTAR MEDIA GROUP, INC. AND TEGNA INC.,**<br><br>Defendants. | **DECLARATION OF LAURA ANTONINI IN SUPPORT OF PRELIMINARY INJUNCTION**<br><br>**REDACTED PUBLIC VERSION** |

Antonini Decl. in Support of Preliminary Injunction

## <u>DECLARATION OF LAURA ANTONINI</u>

Pursuant to 28 U.S.C. § 1746, I, Laura Antonini, declare under penalty of perjury that:

1. I am a Deputy Attorney General with the California Attorney General's Office, and am counsel for the People of the State of California in *In Re: Nexstar-TEGNA Merger Litigation*, Case No. 26-cv-00976-TLN-CKD (E.D. Cal.). I am admitted to this Court and could, if called as a witness, testify competently to the matters set forth herein. I make this declaration in support of Plaintiffs' Motion for Preliminary Injunction. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify to them.

2. Pursuant to the Court's Civil Standing Order § 13, counsel for Plaintiff States e-mailed counsel for Nexstar and TEGNA on April 3, 2026 to give notice that Plaintiff States would be filing material Defendants have identified as confidential and potentially subject to sealing with Plaintiff States' Reply in Support of Preliminary Injunction. Plaintiff States have redacted the purportedly confidential material to allow Defendants time to seek an order of sealing from the Court.

3. Attached as **Exhibit 1** is a true and correct copy of a document produced by TEGNA in response to the U.S. Department of Justice Second Request associated with the merger at issue in this litigation with document number D-02.

4. Attached as **Exhibit 2** is a true and correct copy of a document produced by TEGNA in response to the U.S. Department of Justice Second Request associated with the merger at issue in this litigation with document number D-14.

5. Attached as **Exhibit 3** is a true and correct copy of a document produced by Nexstar in response to a Civil Investigative Demand associated with the merger at issue in this litigation with Bates stamp NXST-002301574.

6. Attached as **Exhibit 4** is a true and correct copy of a document produced by Nexstar in response to a Civil Investigative Demand associated with the merger at issue in this litigation with Bates stamp NXST-001884763.

7. Attached as **Exhibit 5** is a true and correct copy of the Declaration of Joe Lorah, Blue Ridge Communications, filed in *Broadband Communications Assoc. of Pennsylvania, et al., v.*

*FCC*, No. 26-1062 (D.C. Cir. Mar. 21, 2026) (Document #2164863). In ¶ 8, Mr. Lorah states the Transaction "results in higher prices for our company and our customers."

8.  Attached as **Exhibit 6** is a true and correct copy of the Declaration of Jack Capparell, Service Electric Cable TV & Communications, filed in *Broadband Communications Assoc. of Pennsylvania, et al., v. FCC*, No. 26-1062 (D.C. Cir. Mar. 21, 2026) (Document #2164863). In ¶ 14, Mr. Capparell states "approval of the Transaction will directly cause an immediate increase in retransmission consent fees for our company and our customers."

9.  Attached as **Exhibit 7** is a true and correct copy of EchoStar Corporation (Dish Network Co.)'s Petition to Deny, submitted *In the Matter of Nexstar Media Group, Inc. and TEGN Inc.*, MB Docket No. 25-331 (Dec. 31, 2025). On pages 2 and 21, the Petition states that higher costs for MVPDs would result in higher prices for consumers.

10. Attached as **Exhibit 8** is a true and correct copy of a letter from the Broadband Communications Assoc. of Penn et al. to Marlene H. Dortch, Secretary, FCC, Dated March 9, 2026, MB Docket No. 25-331. On page 1, the letter states "Across all MVPDs, [retransmission consent-related] costs will rise ***and increase consume TV prices by hundreds of millions of dollars annually over the next three years alone***…." (emphasis in original).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd of April, 2026 in Los Angeles, California.

By:    */s/ Laura Antonini*
　　　　Laura Antonini