Eliot A. Adelson (CA Bar No. 205284)
Daralyn J. Durie (CA Bar No. 169825)
Adam R. Brausa (CA Bar No. 298754)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000
Facsimile: 415.268.7522
Email: EAdelson@mofo.com
        DDurie@mofo.com
        ABrausa@mofo.com

Nicole K. Serfoss (*pro hac vice*)
MORRISON & FOERSTER LLP
370 Seventeenth Street 4200 Republic Plaza
Denver, CO 80202-5638
Telephone: 303.592.1500
Facsimile: 303.592.1510
Email: nserfoss@mofo.com


Attorneys for Defendants Nexstar Media
Group, Inc. and TEGNA Inc.

Alexander P. Okuliar (*pro hac vice*)
Bradley S. Lui (CA Bar No. 143088)
Robert W. Manoso (*pro hac vice)*
Alexa Rae DiCunzolo (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: 202.887.1500
Facsimile: 202.912.2329
Email: AOkuliar@mofo.com
        BLui@mofo.com
        RManoso@mofo.com
        ADiCunzolo@mofo.com


Henry Huttinger (CA Bar No. 312843)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454
Email: HHuttinger@mofo.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re Nexstar-TEGNA Merger Litigation | Case No. 2:26-cv-00976-TLN-CKD<br><br>**DEFENDANTS' PROPOSED ORDER MODIFYING THE TEMPORARY RESTRAINING ORDER AND CONVERTING INTO PRELIMINARY INJUNCTION**<br><br><br>Judges: Honorable Troy L. Nunley and Honorable Carolyn K. Delaney<br>Action Filed: March 18, 2026 |

Plaintiffs DIRECTV, LCC ("DIRECTV") and the State of California et al. ("Plaintiff States") and Defendants Nexstar Media Group, Inc. ("Nexstar") and TEGNA Inc. ("TEGNA"), while continuing to reserve all rights and arguments, having met and conferred under the Court's direction in ECF 108, could not reach agreement on modifications to the Court's Temporary Restraining Order ("TRO") (ECF 60). Defendants proposed and Plaintiffs rejected the below proposed modifications to the TRO which, subject to the modifications contained herein, Defendants were willing to convert to a Preliminary Injunction:

1. **Scope of Application:** The TRO and the restrictions below shall only apply to TEGNA Big 4 stations in overlap DMAs.  The scope of the TRO shall not apply to any other TEGNA asset.

2. **Debt and Cash Management**: The TRO (paragraphs 1, 2, 4, 5, 9, and 10) shall allow Nexstar to undertake ordinary-course cash management, ordinary-course intercompany transfers, and ordinary-course debt service and repayment activities necessary to comply with Nexstar's financing obligations, including refinancing activities, security perfection, and guaranty obligations, provided that Nexstar does not use this provision as a pretext to undermine TEGNA's commercial viability.  This includes permitting intercompany loans and cash management arrangements necessary for TEGNA to access working capital and for the combined enterprise to service its debt obligations, as well as completion of the required post-closing security perfection process and avoidance of default under Nexstar's debt instruments. Notwithstanding the foregoing, Nexstar's senior officers and corporate financial and accounting employees shall have customary and reasonable discretion to take actions as reasonably necessary to fulfill their fiduciary obligations for ordinary-course cash management, ordinary-course intercompany transfers, and ordinary-course debt service and repayment activities, and to keep Nexstar and TEGNA in compliance with all GAAP, legal reporting, and accounting requirements.

3. **Corporate Governance and Operational Control**: The TRO (paragraphs 1, 2, 3, 4,

1
          DEFS' PROPOSED ORDER RE MODS.
TO TRO & CONVERSION TO PI

and 5) shall allow Nexstar to take reasonable actions necessary to maintain TEGNA's overlap DMA Big 4 stations' day-to-day operations, including authorizing routine financial transactions such as wire transfers for ordinary course payments, without violating the TRO's prohibition on "influence."

4. **Distribution Agreements and Retransmission**: The TRO (paragraphs 1, 2, 3, 4, and 5) shall allow the continued administration of existing retransmission agreements, the handling of payments, or necessary discussions relating to expiring contracts and fulfilling the commitments under the FCC Order, and does not require unwinding or invalidating contractual provisions recognized pre-closing that occurred at closing. For TEGNA Big 4 stations in overlap DMAs, TEGNA will be able to negotiate or renegotiate any such retransmission agreement in the ordinary course.  Any MVPD may choose to negotiate with Nexstar regarding an overlap DMA Big 4 Tegna station.

5. **Corporate Governance Structure and Officer Authority:** The TRO (paragraphs 1, 2, 4, and 6) shall allow Nexstar to take actions necessary to establish a functional governance structure for TEGNA, including appointing or reappointing officers, to the extent necessary to permit TEGNA to fulfill the TRO, as modified here. It shall not be considered "influence" for Nexstar to provide and implement Sarbanes-Oxley requirements, including setting thresholds for contract approval, expenditure authorization, and other financial limits.  Nexstar shall not appoint current Nexstar employees, or former employees employed within the prior six months, as TEGNA officers and no TEGNA officer shall be an officer of Nexstar.

6. **Financing and Reporting Obligations**: The TRO (paragraphs 1, 2, 3, 4, and 5) shall allow Nexstar to take all reasonable steps to perform all obligations required under its debt instruments, SEC reporting requirements, or refinancing transactions, including coordination with TEGNA personnel as necessary, provided that such coordination is reasonably tailored to complying with reporting requirements and avoiding breaches under debt instruments. This includes permitting Nexstar to complete required SEC

DEFS' PROPOSED ORDER RE MODS.
TO TRO & CONVERSION TO PI

and debt agreement reporting for the combined company within applicable deadlines, oversight by Nexstar management as to the accuracy of the TEGNA financial statements, including compliance with internal controls and procedures, in coordination with TEGNA personnel. If the sharing of TEGNA's confidential information with certain Nexstar employees is necessary to accomplish such reporting requirements, such information shall not be disclosed to any Nexstar personnel not responsible for preparing or directing such financial reporting, and compliance to legal, accounting, and disclosure standards.

7.  **Management Authority and "Ordinary Course" Operations**: The TRO (paragraphs 1, 2, 4, and 6) shall allow Nexstar to take actions necessary to ensure TEGNA's continued operations, including officer appointments, contract administration, and responses to third-party requests.

8.  **Corporate Governance and Officer Authority:** The TRO (paragraphs 1, 2, 3, and 4) shall allow Nexstar to appoint or reappoint TEGNA officers as necessary for TEGNA to exercise independent decision-making authority for retransmission matters. Nexstar shall not appoint current Nexstar employees, or former employees employed within the prior six months, as TEGNA officers and no TEGNA officer shall be an officer of Nexstar.

9.  **Employee Compensation and Workforce Decisions:** The TRO (paragraphs 1, 2, 3, 4, and 5) shall allow TEGNA, to the extent necessary, to proceed with pre-existing, ordinary-course compensation and workforce actions, including merit-based salary adjustments and related payroll actions planned prior to the Transaction, subject to the Requirements of Exhibit A.

10. **Interim Operating Covenants:** The TRO shall allow Nexstar to require that management of TEGNA adhere to the interim operating covenants in the Proposed Obligations and Restrictions During Applicable Period, attached hereto as Exhibit A.

11. **Expiration:** This order shall expire at the earlier of: (1) 6 months or (2) within 5

DEFS' PROPOSED ORDER RE MODS.
TO TRO & CONVERSION TO PI

business days of a final, appealable order of this Court on the merits.

**12. Rates to Consumers:** DIRECTV agrees not to raise its rates to consumers in the DMAs with TEGNA Big 4 stations subject to the hold-separate order.

**13. Bond:** Plaintiffs shall post a bond of an amount to be determined.

The parties continue to reserve all rights and arguments with respect to entry of any preliminary injunctive relief.

Dated:  April 7, 2026

Respectfully submitted,

By: */s/* Eliot A. Adelson
Eliot A. Adelson (CA Bar No. 205284)

MORRISON & FOERSTER LLP
Attorney for Defendants
Nexstar Media Group, Inc. and TEGNA Inc.

4            DEFS' PROPOSED ORDER RE MODS.
TO TRO & CONVERSION TO PI

**IT IS SO ORDERED.**

Dated: _____          _____
                                 Chief United States District Judge

DEFS' PROPOSED ORDER RE MODS.
                                 TO TRO & CONVERSION TO PI