Glenn D. Pomerantz (State Bar No. 112503)
  glenn.pomerantz@mto.com
Kuruvilla J. Olasa (State Bar No. 281509)
  kuruvilla.olasa@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100

Justin P. Raphael (State Bar No. 292380)
  justin.raphael@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone:  (415) 512-4000

Olivier N. Antoine (*pro hac vice*)
  oantoine@kslaw.com
KING & SPALDING LLP
1290 Avenue of the Americas, 14th Floor
New York, NY 10104
Telephone: (212) 556-2100

*Attorneys for Plaintiff DIRECTV, LLC*

*Attorney Information Continued on Page ii*

Rob Bonta
  ATTORNEY GENERAL OF CALIFORNIA
Paula Blizzard (State Bar No. 207920)
  SENIOR ASSISTANT ATTORNEY
  GENERAL
Laura Antonini (State Bar No. 271658)
Paul Chander (State Bar No. 305133)
Elizabeth Cheever (State Bar No. 341421)
Emily Curran (State Bar No. 293065)
Komal K. Patel (State Bar No. 342765)
Connie P. Sung (State Bar No. 304242)
Brian Wang (State Bar No. 284490)
  DEPUTY ATTORNEYS GENERAL
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Telephone:  (213) 269-6277
E-mail: Laura.Antonini@doj.ca.gov

*Attorneys for Plaintiff, The State of California*

*Attorney Information for The State of California and Additional Plaintiffs Continued on Page ii*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re Nexstar-TEGNA Merger Litigation | Case No. 2:26−cv−00976−TLN−CKD<br><br>**PLAINTIFFS' RESPONSE REGARDING DEFENDANTS' RESPONSE TO REQUEST FOR EVIDENTIARY SUPPORT** |

PLAINTIFFS' RESPONSE REGARDING DEFENDANTS' RESPONSE TO REQUEST FOR EVIDENTIARY SUPPORT

Robert E. Bowen (State Bar No. 335932)
  robert.bowen@mto.com
Liam Gennari (State Bar No. 350177)
  liam.gennari@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100

Carson J. Scott (State Bar No. 339868)
  carson.scott@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone:  (415) 512-4000

Xiaonan April Hu (State Bar No. 321354)
  april.hu@mto.com
Brandon H. Thomas (State Bar No. 334240)
  brandon.thomas@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave. NW, Suite 500E
Washington, D.C. 20001-5369
Telephone:  (202) 220-1100
Facsimile:  (202) 220-2300

McGregor Scott (State Bar No. 142413)
  mscott@kslaw.com
KING & SPALDING LLP
621 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:  (916) 321-4800

M. Sean Royall (*pro hac vice*)
  sroyall@kslaw.com
Emily Blackburn (*pro hac vice*)
  eblackburn@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue NW, Suite 900
Washington, D.C. 20006
Telephone: (202) 737-0500

Laura Harris (*pro hac vice*)
  lharris@kslaw.com
Joshua Hazan (*pro hac vice*)
  jhazan@kslaw.com
Sean Murray (*pro hac vice*)
  smurray@kslaw.com
Arthur B. Schoen (*pro hac vice*)

-ii-

PLAINTIFFS' RESPONSE REGARDING DEFENDANTS' RESPONSE TO REQUEST FOR EVIDENTIARY
SUPPORT

aschoen@kslaw.com
KING & SPALDING LLP
1290 Avenue of the Americas, 14th Floor
New York, New York 10104
Telephone:  (212) 556-2100

*Attorneys for Plaintiff DIRECTV, LLC*

Shaoul Sussman (*pro hac vice*)
   shaoul@simonsensussman.com
Nico Gurian (*pro hac vice forthcoming*)
   nico.gurian@simonsensussman.com
Victoria M. O. Field (*pro hac vice forthcoming*)
   victoria.field@simonsensussman.com
Paul M. Goodrich (*pro hac vice*)
   paul.goodrich@simonsensussman.com
SIMONSEN SUSSMAN LLP
307 W. 38th St., 16th Fl.
New York, NY 10018
Telephone:  (646) 693-3929

Catherine S. Simonsen (State Bar No. 307325)
   catherine@simonsensussman.com
Thomas G. Mattes (State Bar No. 355010)
   thomas.mattes@simonsensussman.com
SIMONSEN SUSSMAN LLP
418 Bamboo Ln., Suite C-18
Los Angeles, CA 90012
Telephone: (917) 747-5196

Nicolas A. Stebinger (*pro hac vice*)
   nicolas@simonsensussman.com
Victoria R. Sims (*pro hac vice forthcoming*)
   victoria.sims@simonsensussman.com
Simonsen Sussman LLP
1629 K St. NW, Suite 300

*Attorneys for Plaintiff State of California*

Phillip J. Weisner
   ATTORNEY GENERAL OF COLORADO
Bryn A. Williams (State Bar No. 301699)

-iii-

FIRST ASSISTANT ATTORNEY GENERAL

Jonathan B. Sallet (*pro hac vice*)
  SPECIAL ASSISTANT ATTORNEY GENERAL

Robin Alexander (*pro hac vice*)
  ASSISTANT ATTORNEY GENERAL

Amy Bowles (*pro hac vice*)

Assistant Attorney General

1300 Broadway, 10th Floor

Denver, CO 80203

Telephone: (720) 508-6000

Email: Bryn.Williams@coag.gov

*Attorneys for Plaintiff State of Colorado*

William Tong
  ATTORNEY GENERAL OF CONNECTICUT

Nicole Demers (*pro hac vice*)
  DEPUTY ASSOCIATE ATTORNEY GENERAL

Julián A. Quiñones Reyes (*pro hac vice*)
  ASSISTANT ATTORNEY GENERAL

Office of the Connecticut Attorney General

165 Capitol Avenue

Hartford, CT 06106

Telephone: (860) 808-5030

Email: Julian.Quinones@ct.gov

*Attorneys for Plaintiff State of Connecticut*

Kwame Raoul
  ATTORNEY GENERAL OF ILLINOIS

Elizabeth L. Maxeiner (*pro hac vice*)
  CHIEF, ANTITRUST BUREAU

Sarah J. North (*pro hac vice*)
  DEPUTY CHIEF, PUBLIC INTEREST DIVISION

Paul J. Harper (*pro hac vice*)
  SUPERVISING ATTORNEY, ANTITRUST BUREAU

John R. Milligan (*pro hac vice*)

Daniel R. Betancourt (*pro hac vice*)
  ASSISTANT ATTORNEYS GENERAL

Office of the Attorney General of Illinois

115 S. LaSalle St.

Chicago, IL 60603

-iv-

PLAINTIFFS' RESPONSE REGARDING DEFENDANTS' RESPONSE TO REQUEST FOR EVIDENTIARY SUPPORT

Telephone: (312) 814-1004
E-Mail: paul.harper@ilag.gov

*Attorneys for Plaintiff State of Illinois*

Elinor R. Hoffmann (*pro hac vice*)
    CHIEF, ANTITRUST BUREAU
Christopher D'angelo
    CHIEF DEPUTY ATTORNEY GENERAL
    ECONOMIC JUSTICE DIVISION
Amy McFarlane (*pro hac vice)*
    DEPUTY CHIEF, ANTITRUST BUREAU
Morgan Feder (*pro hac vice*)
    ASSISTANT ATTORNEY GENERAL, ANTITRUST BUREAU
    NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
28 Liberty Street
New York, NY 10005
Elinor.Hoffmann@ag.ny.gov | (212) 416-8269
Christopher.D'Angelo@ag.ny.gov | (212) 416-6124
Amy.McFarlane@ag.ny.gov | (212) 416-6195
Morgan.Feder@ag.ny.gov | (212) 416-8288

*Attorneys for Plaintiff State of New York*

Kunal Choksi (*pro hac vice*)
    SENIOR DEPUTY ATTORNEY GENERAL
Francisco Benzoni (*pro hac vice*)
    SPECIAL DEPUTY ATTORNEY GENERAL
Brian Rabinovitz (*pro hac vice*)
    DIRECTOR OF MAJOR LITIGATION FOR
    CONSUMER PROTECTION
114 W. Edenton Street
Raleigh, NC 27603
Telephone: (919) 716-6000
fbenzoni@ncdoj.gov
brabinovitz@ncdoj.gov

*Attorneys for Plaintiff State of North Carolina*

Timothy D. Smith (*pro hac vice*)
    ATTORNEY-IN-CHARGE
Ian Van Loh (SBN 280254)

-v-

PLAINTIFFS' RESPONSE REGARDING DEFENDANTS' RESPONSE TO REQUEST FOR EVIDENTIARY
SUPPORT

Alex DeLorenzo (*pro hac vice*)
  SENIOR ASSISTANT ATTORNEYS GENERAL
  ECONOMIC JUSTICE SECTION
Oregon Department of Justice
100 SW Market St, Portland OR 97201
tim.smith@doj.oregon.gov | 503.798.3297
ian.vanloh@doj.oregon.gov | 971.239.7457
alex.delorenzo@doj.oregon.gov | 503.428.9482

*Attorneys for Plaintiff State of Oregon*

Tyler T. Henry (*pro hac vice*)
  SENIOR ASSISTANT ATTORNEY GENERAL
  ANTITRUST UNIT
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
THenry@oag.state.va.us
(804) 692-0485

*Attorneys for the Plaintiff Commonwealth of Virginia*

PLAINTIFFS' RESPONSE REGARDING DEFENDANTS' RESPONSE TO REQUEST FOR EVIDENTIARY SUPPORT

Defendants' Response to Request for Evidentiary Support, Dkt. No. 136, does not appear to actually include copies of any pre-merger-agreement ███████████████ for TEGNA—no board decks, management presentations, or planning documents dated before August 18, 2025, the date of the merger agreement. If TEGNA had concrete pre-merger ████████████████, one would expect Defendants to be able to produce them. For example, any ███████████ approved by the TEGNA board and/or senior management before Defendants began discussing a potential merger should have been reflected in documents such as records of board meetings or official yearly plans presented to the Board or management before Defendants began discussing a potential merger. Defendants have not submitted any such documents. Instead, Defendants appear to have produced a few undated *post-merger-agreement* documents that they suggest reflect actions by TEGNA to adopt pre-merger ████████████████. Without more information and answers to the questions identified below, it is not possible to determine if Defendants' representations are accurate. The Court should not modify the TRO to permit TEGNA to proceed with these plans unless Defendants can satisfactorily answer the questions Plaintiffs identify below. Plaintiffs respectfully request that the Court direct the parties to meet and confer to discuss those questions in order to facilitate resolution of this issue while minimizing any burdens on the Court.

*First*, and most importantly, Defendants' evidence does not address whether TEGNA's management in fact approved and planned for any ████████████ before Defendants began discussing a potential merger.

Exhibits A, B, and D are all undated, and Exhibit C is dated ██████████, months after Defendants announced their merger on August 19, 2025. Ms. Heskett's declaration does not say whether the cost-reduction initiatives she describes were approved or planned before Defendants began discussing a potential merger. The declaration says only that the initiatives she describes were planned "prior to entry into the Agreement and Plan of Merger with Defendant Nexstar," Heskett Decl. ¶ 4; *see also id.* ¶ 5 (referring to "ordinary course cost reduction plans that TEGNA had in place before entering into the Merger Agreement"); *id.* ¶ 7 (referring to initiative that was "approved and began prior to the Merger Agreement").

-1-

PLAINTIFFS' RESPONSE REGARDING DEFENDANTS' RESPONSE TO REQUEST FOR EVIDENTIARY SUPPORT

Accordingly, it remains unclear whether the contemplated ▮▮▮▮▮▮▮ described in Defendants' Response reflect the independent plans of TEGNA management pre-dating the merger discussions, or instead were identified as part of Defendants' efforts to prepare and plan for integrating TEGNA with Nexstar. For example, Exhibit B states that the ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ Ex. B at 2. Answering that question is critical to ensuring that any modification to Paragraph 8 does not defeat the purpose of the Court's hold-separate order. In light of the Court's Order, Defendants should not be permitted to carry out ▮▮▮▮▮▮ that were developed as part of their plans for post-merger integration.

*Second*, Defendants' Response does not identify the extent to which TEGNA ▮▮▮ ▮▮▮ may have been completed. Defendants should not be able to engage any ▮▮▮ ▮▮▮ beyond those, if any, that were planned before Defendants began negotiating their merger and have not yet been implemented. For example, if TEGNA planned to ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮. Defendants' Response does not provide sufficient information to assess such questions. For instance, ▮▮▮▮▮▮ ▮▮▮▮ pursuant to any ▮▮▮▮▮ that may have been planned before Defendants began negotiating their merger.

*Third*, it is unclear whether, or to what extent, some of the cost reduction initiatives described in Defendants' Response involved "workforce actions" that are the subject of Defendants' proposed modification to Paragraph 8. For example, Exhibit A ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ And the plans for the ▮▮▮▮▮▮▮ described in Defendants' Response do not appear to have involved any ▮▮▮▮▮ at all. Neither Exhibit D nor Ms. Heskett's declaration regarding ▮▮▮▮▮ refers to any ▮▮▮▮▮.

To determine whether Defendants' proposed modification to Paragraph 8 is warranted, Plaintiffs submit that it is important for Defendants to answer the following questions.

-2-

PLAINTIFFS' RESPONSE REGARDING DEFENDANTS' RESPONSE TO REQUEST FOR EVIDENTIARY SUPPORT

1.    When did Defendants first begin discussing a potential merger and were any of the initiatives described in Defendants' Response fully approved and planned by TEGNA's management prior to that time?

2.    Were there prior versions of the spreadsheets in Exhibits A, B, and D?  If so, when were they created and how do they differ from the versions submitted in connection with Defendants' Response?  Producing the prior versions could address those concerns.

3.    Are there contemporaneous copies of the ████████████ that pre-date the merger discussions and can Defendants produce them?

4.    Were Exhibits A, B, C, or D or any prior versions of those documents sent to Nexstar?  Were any of the ██████████ referred to in Defendants' Response discussed with Nexstar?

5.    Were any changes to those ████████████ made after the parties began discussing a potential merger?

6.    What information in Exhibits A and D refers to ████████████?

7.    Were any ████████████ involved in the plans for the ████████████ described in Ms. Heskett's declaration?

8.    To what extent have any ████████████ referred to in Defendants' Response already taken place?  If any such reductions have taken place, how many ████████████ ████████████████████████████████████████████?

9.    Exhibit C states that ████████████████████████████ ████████████ Ex. C at 29. ████████████████████ *See* Heskett Decl. ¶¶ 6, 8. ████ ████████████

10.    Exhibit A ████████████████████████████ ████████████████████████████████████████████ ████████████████████████████ Why not?

Plaintiffs submit that the most efficient way forward would be for the Court to reject Defendants' proposed modification to Paragraph 8 for now, but to direct that the parties to meet

PLAINTIFFS' RESPONSE REGARDING DEFENDANTS' RESPONSE TO REQUEST FOR EVIDENTIARY SUPPORT

and confer in an effort to resolve these issues and subsequently provide a joint submission to the Court reporting on the outcome of that meet and confer.

DATED:  April 9, 2026                    MUNGER, TOLLES & OLSON LLP


By:  */s/ Glenn D. Pomerantz*
      GLENN D. POMERANTZ
      *Attorneys for Plaintiff DIRECTV, LLC*

DATED:  April 9, 2026                    PLAINTIFF STATES


By:  */s/ Laura Antonini*
      LAURA ANTONINI
      *Attorneys for Plaintiff The State of California and on Behalf of All Plaintiff States*

PLAINTIFFS' RESPONSE REGARDING DEFENDANTS' RESPONSE TO REQUEST FOR EVIDENTIARY SUPPORT