UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NEXSTAR-TEGNA LITIGATION | No. 2:26-cv-00976-TLN-CKD <br><br> **ORDER** |

This matter is before the Court on Defendants Nexstar Media Group, Inc. ("Nexstar") and TEGNA, Inc.'s ("TEGNA") (collectively, "Defendants") Notice and Proposals Seeking Compliance Guidance Under the Temporary Restraining Order ("TRO").  (ECF No. 63.) Plaintiffs DIRECTV ("DIRECTV") and the State of California, State of Colorado, State of Connecticut, State of Illinois, State of New York, State of North Carolina, State of Oregon, and Commonwealth of Virginia (collectively, "Plaintiff States") filed responses.  (ECF Nos. 97, 109.) The Court hereby modifies its TRO for the purposes of clarity in compliance and finds good cause to extend the TRO for seven (7) days.

///

///

///

///

## I.    BACKGROUND

On April 3, 2026, the Court ordered the parties to meet and confer to propose stipulated modifications for the purpose of clarifying the Court's TRO.  (ECF No. 108.)  The parties were unable to reach agreement and filed separate proposals.  (ECF Nos. 122, 125.)

On April 8, 2026, the Court held a hearing on its order to show cause why a preliminary injunction should not issue (ECF No. 60) and also considered Defendants' Notice (ECF No. 63). The portion of the hearing on the Notice was closed to the public to discuss confidential information filed under seal.  (ECF No. 130.)  The Court understands Defendants' request for clarity as to complying with this Court's TRO such that Nexstar and the held-separate TEGNA entity may conduct business in the ordinary course.

## II.    TRO MODIFICATIONS

After hearing from the parties, the Court clarifies and modifies the TRO as set forth below:

1.  The TRO (paragraphs 1, 2, 4, 5, 9, and 10) shall allow Nexstar to undertake ordinary-course cash management, ordinary-course intercompany transfers, and ordinary-course debt service and repayment activities necessary to comply with Nexstar's financing obligation, including refinancing activities, security perfection, and guaranty, provided that Nexstar does not use this provision as a pretext to undermine TEGNA's viability as a going concern;

2.  The TRO (paragraphs 1, 2, 3, 4, and 5) shall allow Nexstar to take reasonable actions necessary to maintain TEGNA's day-to-day operations, including authorizing routine financial transactions such as wire transfers for ordinary course payments, without violating the TRO's prohibition on "influence";

3.  The TRO (paragraphs 1, 2, 3, 4, and 5) shall allow Nexstar to take actions necessary to establish a functional governance structure for TEGNA, including appointing or reappointing officers, to the extent necessary to permit TEGNA to fulfill the TRO.  It shall not be considered "influence" for Nexstar to provide and implement Sarbanes-Oxley requirements, including setting thresholds for contract approval, expenditure

authorization, and other financial limits similar to the interim operating covenants that applied to TEGNA's independent management of the business pre-closing.  Nexstar shall not appoint current Nexstar employees, or former employees employed within the prior six months, as TEGNA officers and no TEGNA officer shall be an officer of Nexstar;

4. The TRO (paragraphs 1, 2, 3, 4, and 5) shall allow Nexstar to take all reasonable steps to perform all obligations required under its debt instruments, SEC reporting requirements, or refinancing transactions, including coordination with TEGNA personnel as necessary, provided that such coordination is narrowly tailored to complying with reporting requirements and avoiding breaches under debt instruments.  This includes permitting Nexstar to complete required SEC and debt agreement reporting for the combined company within applicable deadlines, oversight by Nexstar management as to the accuracy of TEGNA financial statements, including compliance with internal controls and procedures, in coordination with TEGNA personnel.  If the sharing of TEGNA's confidential information with certain Nexstar employees is necessary to accomplish such reporting requirements, such information must be maintained separately from Nexstar's files and used solely for those reporting requirements;

5. The TRO shall allow Nexstar to require that management of TEGNA adhere to the interim operating covenants set forth in the Merger Agreement (ECF No. 63-4), in their entirety, and in the same manner as applied pre-closing, provided however that TEGNA shall continue to have authority concerning ordinary course contracts, including contracts concerning retransmission consent, as provided by operating covenant 6.1(b)(xiii);

6. The TRO (paragraphs 1, 2, 3, and 4) shall allow Nexstar to appoint or reappoint TEGNA officers as necessary for TEGNA to exercise independent decision-making authority for retransmission matters.  Nexstar shall not appoint current Nexstar employees, or former employees employed within the prior six months, as TEGNA officers and no TEGNA officer shall be an officer of Nexstar; and

7. The TRO shall allow Nexstar to require that management of TEGNA adhere to the interim operating covenants set forth in the Merger Agreement (ECF No. 63-4), in their entirety,

3

and in the same manner as applied pre-closing, provided however that TEGNA shall continue to have authority concerning ordinary course contracts, including contracts concerning retransmission fees, as provided by operating covenant 6.1(b)(xiii).

**III**.   **EXTENSION OF TRO**

With respect to extension of the TRO, Rule 65 provides that a TRO "expires at the time after entry — not to exceed 14 days — that the court sets, unless before that time the court, for good cause, extends it for a like period[.]" Fed. R. Civ. P. 65(b)(2). Rule 65 also states the court must enter the reasons for an extension in the record. *Id.* Here, the Court finds good cause to extend the TRO to maintain the status quo and prevent irreparable harm while the Court prepares its ruling on whether a preliminary injunction should issue. *See State of Me. v. Fri*, 483 F.2d 439, 441 (1st Cir. 1973) ("As long as the hearing on the preliminary injunction is held expeditiously within the appropriate time frame, the district court should be able to extend the restraining order while it prepares its decision."). Additionally, there is no evidence in the record to contradict the Court's findings from its March 27, 2026 Order granting DIRECTV's Motion for TRO. (ECF No. 60.) "Nothing has occurred to alter the analysis in the original TRO, and the [C]ourt adopts and incorporates herein the findings and conclusions contained in that [O]rder concerning the requirements of *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)." *Versaterm Inc. v. City of Seattle*, No. C16-1217 JLR, 2016 WL 4399634, at *3 (W.D. Wash. Aug. 18, 2016). Moreover, the modifications herein should provide sufficient clarity to alleviate concerns in complying with the TRO for an additional week. Accordingly, the TRO is EXTENDED for seven (7) days, and it shall now expire on April 17, 2026 at 6:00 p.m. PDT.

IT IS SO ORDERED.

Date: April 9, 2026

_____
Troy L. Nunley
Chief United States District Judge