UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

In re Nexstar-TEGNA Merger Litigation

Case No.  2:26-cv-00976-TLN-CKD

**[AMENDED ~~PROPOSED~~] STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION**

Judges: Honorable Troy L. Nunley and Honorable Carolyn K. Delaney
Action Filed: March 18, 2026

1.  <u>PURPOSES AND LIMITATIONS</u>

Pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 141.1(c), the Plaintiff States, Plaintiff DIRECTV, Defendant Nexstar Media Group, Inc., and Defendant TEGNA Inc. (collectively "the Parties" and individually "Party"), through undersigned counsel, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in advance of trial in this action.

The Parties acknowledge, as set forth in Section 15.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141, the Court's Standing Order, and any other sealing procedures approved by the Court for this case will be applied when a party seeks permission from the Court to file material under seal.

**<u>Good Cause Statement Pursuant to L.R. 141.1(c)</u>**

Disclosure and discovery activity in this action are likely to involve production of highly sensitive confidential, operational, financial and accounting documents, trade secrets, proprietary information, governmental investigative information, and other private or confidential information

and materials, which are otherwise generally unavailable to the public and the public disclosure or misuse of which could cause irreparable harm to the owner of such materials, and for which special protection is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. It is the intent of the Parties that information will not be designated as confidential for tactical reasons in this case, and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record.

**Statement Under L.R. 141.1(c)(1):** Examples of confidential information that Parties and Non-Parties may seek to protect from unrestricted or unprotected disclosure include:

a) Confidential and competitively sensitive business information, including information regarding confidential business practices, strategies, and plans;

b) Confidential terms of commercial agreements and partnerships;

c) Confidential financial data, including detailed reporting and projections of revenues, costs, and profits;

d) Confidential research, development, and commercial information and data;

e) Confidential internal analyses and communications relating to viewer or subscriber preferences or behaviors;

f) Confidential internal analyses concerning the impact of programming disputes; and

g) Governmental investigation records otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

**Statement Under L.R. 141.1(c)(2):** Generally speaking, information and documents shall only be designated under this Protective Order because the Designating Party believes the information or documents are proprietary, confidential, and/or trade secret information, or governmental investigative information, that the Designating Party would not release publicly.

Unrestricted or unprotected disclosure of such confidential, technical, commercial, personal, or governmental investigative information may result in prejudice or harm to the Designating Party by revealing the Designating Party's confidential information. Accordingly, the Parties respectfully submit that there is good cause for the entry of this Protective Order.

**Statement Under L.R. 141.1(c)(3):**  The Parties submit that protecting the confidential nature of information in this way will be most efficient for the Parties, Non-Parties, and the Court. That is because the issues in this case will likely involve the mutual exchange of documents, deposition testimony, and other information that a Party or Non-Party considers to be its proprietary or otherwise confidential information.  In addition, many of the Plaintiff States are subject to Freedom of Information Acts or similar public disclosure laws where a court order is required to invoke certain exemptions that may reduce unnecessary review burdens on public bodies.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties and Non-Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for trial, to address their handling at the end of the litigation, to avoid unnecessary burdens on public bodies, and serve the ends of justice, a Protective Order entered by the Court is justified in this matter.

2.  DEFINITIONS

2.1    "CONFIDENTIAL" Information or Items: means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(l)(G); information protected from disclosure by statute; other information, the disclosure of which would breach a legal or contractual obligation; Sensitive Personal Information; and Sensitive Health Information.  A designation of Confidential Information as defined herein shall be made in good faith, after careful determination that the material is not reasonably believed to be already in the public domain.

2.2    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel, as well as the support staff of each of the foregoing.

2.3    Designating Party: a Party or Non-Party that designates information or items that it

produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.4     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, and (2) at the time of retention, is not and is not anticipated to become an employee of a Party or of a Party's competitor.

2.6     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party (except Outside Counsel of Record) or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.7     In-House Counsel: attorneys employed by a Party. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     Investigation: any pre-Complaint[1] review, assessment, or investigation of Transaction, including any rationale in support of any claim or any defense to any claim that the Transaction would violate Section 7 of the Clayton Act or any state antitrust or consumer protection law, conducted by any federal or state government agency or official, including the United States Department of Justice, the Federal Communications Commission, and the Plaintiff States.

2.9     Investigation Materials: non-privileged correspondence, documents, data, written information or statements, transcripts of testimony, declarations (including drafts), affidavits (including drafts), and other materials created or provided for purposes of any Investigation, that

---

[1] Such date is March 18, 2026 as to Defendants and all Plaintiffs, except the Plaintiffs the State of Indiana, the State of Kansas, the Commonwealth of Massachusetts, the Commonwealth of Pennsylvania, and the State of Vermont, for which such date is April 30, 2026.

were produced or provided by Parties or Non-Parties, either voluntarily or under compulsory process, during and in connection with the Investigation prior to the filing of the Complaint in this action on March 18, 2026, except with respect to any Investigation by Plaintiffs the State of Indiana, the State of Kansas, the Commonwealth of Massachusetts, the Commonwealth of Pennsylvania, and the State of Vermont, for which such date is April 30, 2026.

2.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Objecting Party: a Party or Non-Party that objects to the designation of information or items under this Order.

2.12   Outside Counsel of Record: (a) State Attorney General Counsel, including their support staff, and (b) attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including their respective support staff.

2.13   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17   Protected Person: a person, either Party or Non-Party, who provided Investigation Materials.

2.18   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.19    Retransmission Consent Agreement: any agreement negotiated and entered into between MVPDs and Broadcasters for the Retransmission of Broadcaster signals on the MVPDs' platforms, pursuant to 47 U.S.C. § 325(b).

2.20    Sensitive Personal Information: an individual's Social Security Number alone; or an individual's name, address, or phone number in combination with one or more of the following: (i) date of birth, (ii) driver's license number or other state identification number, or a foreign country equivalent, (iii) passport number, (iv) financial account number, (v) credit or debit card number.

2.21    Sensitive Health Information: medical records and other individually identifiable health information, whether on paper, in electronic form, or communicated orally. Sensitive Health Information relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

2.22    State Attorney General Counsel: attorneys who are employees of a Plaintiff State and are counsel of record for a Plaintiff State or are assisting counsel of record for a Plaintiff State with this litigation.

2.23    Plaintiff State: Plaintiffs State of California, State of Colorado, State of Connecticut, State of Kansas, State of Illinois, State of Indiana, Commonwealth of Massachusetts, State of New York, State of North Carolina, State of Oregon, Commonwealth of Pennsylvania, the State of Vermont, and Commonwealth of Virginia.

2.24    Transaction: the acquisition of TEGNA Inc. by Nexstar Media Group, Inc.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a

Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify for such protection – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each document that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page of the document.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     Designation of Investigation Materials. The Parties agree that Investigation Materials submitted by any Party or Non-Party, and any other materials that are entitled to confidentiality under any applicable federal or state statute or regulation, or under any federal

or state precedent interpreting such statute or regulation, or pursuant to any confidentiality agreement reached between the Defendants and Plaintiffs in connection with the Transaction,[2] or under any other federal or state statute, regulation, or precedent, and any information taken from any portion of such document, however that information is recorded or transmitted, will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the first instance for sixty (60) calendar days from entry of this Order.  At any time during that 60-day period, a Party or Non-Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any such Investigation Materials (identified by Bates number, transcript pages and lines, or other means of easily identifying the Highly Confidential Information) that constitute Highly Confidential Information. To be effective, such designations must be provided in writing to Plaintiffs' and Defendants' counsel of record.  If no action is taken within the 60-day period, any initial designation of Investigation Materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be maintained.  If the Designating Party determines that the initial designation of any Investigation Materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" should be changed to "CONFIDENTIAL" or removed entirely, the Party shall notify the other Parties in writing within the 60-day period, and promptly provide updated stamped copies of the materials.  The confidentiality of Investigation Materials may later be challenged under the provisions of Section 6, below.

Nothing herein shall be interpreted as changing the legal and contractual obligations on any Plaintiff State to maintain the confidentiality of materials produced.

6.  OBJECTIONS TO CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Objections. Unless a prompt objection to a Designating Party or Non-Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, substantial prejudice to the Designating Party or Non-Party, or a

---

[2] Nexstar reached confidentiality agreements with each of the following Plaintiff States on the following dates indicated: California (Dec. 8, 2025); Colorado (Nov. 4, 2025); Connecticut (Dec. 2, 2025); North Carolina (Feb. 10, 2026); Oregon (Jan. 20, 2026); Virginia (Mar. 5, 2026).

significant disruption or delay of the litigation, any Party or Non-Party may object to a designation of confidentiality at any time.  A Party or Non-Party does not waive its right to object to a confidentiality designation by electing not to raise an objection promptly after the original designation is disclosed.

6.2     Meet and Confer. Before moving the Court, the Objecting Party shall initiate in good faith a meet-and-confer process and provide written notice of each designation to which it is objecting and describing the basis for each objection. The Objecting Party must explain, in an oral meet-and-confer meeting that occurs within 14 days of service of the objection, the basis for its assertion that the confidentiality designation is improper. The Designating Party shall have a reasonable opportunity to review the designated material and, if no change in designation is offered, explain the basis for the chosen designation.

6.3     Judicial Intervention. If the Parties cannot resolve an objection without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of objection or within 14 days of the Parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is earlier, unless the Parties agree that such motion may be deferred to a later time. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph, or establish that the non-movant was unwilling to participate in the meet-and-confer process in a timely manner. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each objected to designation. In addition, the Objecting Party may file a motion objecting to a confidentiality designation at any time if there is good cause for doing so, including an objection to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph, or establish that the non-movant was unwilling to participate in the meet-and-confer process in a timely manner.

The burden of persuasion in any such objection proceeding shall be on the Designating Party.

Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the objection.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 16 below (FINAL DISPOSITION). For the avoidance of doubt, Protected Material disclosed or produced in this litigation shall not be used in any way in any other litigation, investigation, or for commercial purposes, including as part of retransmission rate setting, discussions, or negotiations.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the officers and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation who do not currently and are not anticipated to provide commercial advice on or participate in pricing or the negotiation of Retransmission Consent Agreements, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Order), and the support staff of such Experts, of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

(h) the author, addressee, or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, and

(i) any other person to whom the Designating Party agrees in writing or on the record.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party, and the support staff of such Experts, (1) in connection with this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5 have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the author, addressee, or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information; and

(f) any other person to whom the Designating Party agrees in writing or on the record.

7.4     Executing Exhibit A and Notice of This Order.  Where an individual is required by this Order to execute an "Acknowledgment and Agreement to Be Bound" (Exhibit A), Counsel for the respective Parties shall be responsible for obtaining, prior to disclosure of any Protected Material to the individual and as a condition thereof, the written agreement of the individual to whom the Protected Material is to be disclosed.

7.5     Disclosure to Experts. Absent written consent from the Producing Party, the Receiving Party shall not disclose a Producing Party's Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to an Expert unless that Expert first confirms in writing, in a declaration under penalty of perjury provided to and maintained by the Receiving Party, that the Expert does not currently and is not anticipated to provide commercial advice on or participate in the negotiation of retransmission consent agreements with any entity that engages in such negotiations.

8.  USE OF GENERATIVE AI

The Parties agree that Protected Material shall not be submitted to any open Generative AI tool (e.g., ChatGPT) or substantially similar tool that is available to the public.  Submitting Protected Material to such an open tool is considered disclosure to a third party subject to the terms of this Protective Order.  Protected Material may be submitted to a closed, enterprise Generative AI tool, provided that the data is not used to train the foundational model used by the tool and that prior to submitting any Protected Material to such a closed, enterprise Generative AI tool, the Receiving Party shall ensure that it (or its eDiscovery vendor) can delete all Protected Material from the Generative AI tool upon final disposition of this Action, including any information derived from such Protected Material.

9.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. NOTICE TO NON-PARTY PROTECTED PERSONS OF THIS ORDER

Within five (5) business days of the Court's entry of this Order, each Party must send by e-mail, hand-delivery, or overnight delivery—if any such contact information is available to the Party—a copy of this Order to each Non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party. This notice requirement does not apply in instances of individual consumer complaints submitted to any Plaintiff State office inbox or mailbox. No Non-Party Protected Person's Investigation Materials may be produced in this action before the expiration of five (5) business days following the Non-Party Protected Person's receipt of notice of this Order.

11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     Any Party that seeks discovery from a Non-Party for use in this action must include

a copy of this Order when serving its first discovery request or subpoena on the Non-Party. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.[3] Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective

---

[3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. <u>UNINTENTIONAL PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

The Producing Parties agree that they do not intend to disclose materials subject to attorney-client privilege, deliberative process privilege, work-product protection, or other applicable legal or evidentiary privilege.  In accordance with Federal Rule of Evidence 502(d), and any other applicable rules, the production or disclosure of privileged material shall not be deemed to waive – in this proceeding or any other federal or state proceeding – any applicable privilege or immunity from discovery that would otherwise attach to the disclosed materials or their subject matter. The Parties shall not argue, in this forum, or any other, that the fact that a document was produced in this action, standing alone, waived any applicable privilege or protection.

If a Receiving Party identifies Discovery Material that appears on its face to contain privileged material belonging to another Party or Non-Party, the identifying party is under a good faith obligation to promptly notify the Producing Party or Non-Party in writing of the existence of such privileged Discovery Material. Such notification shall not waive the identifying party's ability to contest any assertion of privilege or protection with respect to the identified material, except as otherwise provided herein. Nothing in this Stipulation and Order limits or otherwise modifies an attorney's ethical obligation to refrain from examining or disclosing materials that the attorney knows, or should know, to contain privileged Discovery Material and to inform the Producing Party that such privileged Discovery Material was disclosed in this action.

14.    <u>CLAWBACK OF PRIVILEGED MATERIAL</u>

A Producing Party that determines that it made an unintentional disclosure of privileged Discovery Material in this litigation, including the Investigation Materials, shall promptly notify the Receiving Party following discovery of the unintentional production of Privileged Material,

and the Receiving Party shall:

(a)  In the case of privileged Discovery Material for which the Producing Party asserts a privilege and/or protection from disclosure, (i) immediately cease the review and disclosure of such privileged Discovery Material; (ii) immediately return, sequester or destroy the disclosed document, as well as any copies thereof; (iii) immediately destroy or sequester any references to the privileged Discovery Material or its contents, to the extent such references exist in other materials prepared by the Receiving Party.

(b)  In the case of a privileged document that has been filed with the Court or otherwise made public by the Receiving Party, immediately request the withdrawal and removal of any such privileged document from where it was previously filed or submitted.

(c)  Upon the request of the Producing Party, provide to the Producing Party a certification of counsel that all of the privileged Discovery Material subject to this Section has been returned, sequestered or destroyed subject to the terms of this Protective Order.

A Producing Party who has notified the Receiving Party of the unintentional production of Privileged Material shall, simultaneous with such notification, serve upon the Receiving Party a privilege log entry regarding the clawed-back Discovery Material sufficient to inform the Receiving Party of a description of the document, the Bates range (where applicable), and the claimed bases of privilege.  Nothing in this Order shall limit a Receiving Party's right to challenge a claim of privilege and request an in-camera review of any Discovery Material.  Any challenge to a claim of privilege under this Section must be made promptly.  The Producing Party must preserve clawed-back Discovery Material until the claim is resolved.

15.    MISCELLANEOUS

15.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered

by this Protective Order.

15.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Local Rules and the Court's Standing Order, or any other procedure authorized by the Court by stipulation of the Parties or at the request of a Party.

16. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Plaintiff States, however, may sequester Protected Materials in accordance with law. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned, destroyed, or sequestered, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: June 2, 2026                    /s/_____
                                       CONNIE P. SUNG
                                       *Attorneys for Plaintiff The State of California and on*
                                       *Behalf of All Plaintiff States*


DATED: June 2, 2026                    /s/_____
                                       KURUVILLA J. OLASA
                                       *Attorneys for Plaintiff DIRECTV, LLC*


DATED: June 2, 2026                    /s/_____
                                       KOSTA STOJILKOVIC
                                       *Attorneys for Defendants*
                                       *Nexstar Media Group, Inc. and TEGNA Inc.*


**ORDER**

GOOD CAUSE APPEARING, the Court hereby approves this Stipulated Protective Order with the additional clarification and order that once this action is closed, the Court will not retain jurisdiction over enforcement of the terms of this discovery protective order. Local Rule 141.1(f).

Dated:  June 3, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, nexs.26cv976

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *In Re: Nexstar-TEGNA Merger Litigation*, Case No. 2:26-cv-00976-TLN-CKD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
               [printed name]

Signature: _____
               [signature]