UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In Re: Nexstar-TEGNA Merger Litigation

Case No. 2:26-cv-00976-TLN-CKD

**[PROPOSED] ORDER AMENDING THE INITIAL PRETRIAL SCHEDULING ORDER AND ENTERING STIPULATED DISCOVERY PROTOCOL**

Judges:       Honorable Troy L. Nunley and Honorable Carolyn K. Delaney
Trial Date:   Not Scheduled
Action Filed: March 18, 2026

For the reasons explained by the Parties in their Joint Motion to Amend the Initial Pretrial Scheduling Order and Enter Stipulated Discovery Protocol (the "Joint Motion"), the Court finds that there is good cause to amend the Initial Pretrial Scheduling Order and enter in its stead the following amended case schedule:

**AMENDED SCHEDULE**

| Event | Date |
|---|---|
| Deadline for All Parties to Reproduce Investigation Materials[1] | For Defendants and DIRECTV, June 5, 2026. For Plaintiff States, June 15, 2026. |
| Substantial Completion of Document Productions for Initial Requests for Production to the Parties ("Initial RFPs")[2] | August 20, 2026 |

[1] "Investigation Materials" is defined in the Protective Order, ECF No. 238. By this deadline, the Parties produced Investigation Materials that constitute advocacy submissions or productions or submissions of documents, reports, and data. Investigation Materials that constitute non-privileged communications with a governmental entity or official but that do not fall within these categories shall be addressed through Requests for Production. Plaintiff States shall not re-produce submissions received from Defendants as part of the Investigation Materials.

[2] The Parties have previously served Initial RFPs, without prejudice to service of additional Requests for Production. Parties shall produce documents on a rolling basis, and shall substantially complete document production in response to the Initial RFPs by this date. The deadline for substantial completion of document production does not relieve a party of its obligations under Rule 34 of the Federal Rules of Civil Procedure to produce responsive records within a reasonable time, if that time is earlier than the deadline for substantial completion.

| Event | Date |
|---|---|
| Deadline for Production of Privilege Logs for Documents Produced By Substantial Completion | September 8, 2026 at 5pm PT |
| Close of Fact Discovery[3] | December 10, 2026 |
| Initial Expert Report(s)[4] | January 14, 2027 |
| Rebuttal Expert Report(s) | February 18, 2027 |
| Reply Expert Report(s)[5] | March 18, 2027 |
| Close of Expert Discovery | April 15, 2027 |
| Exchange of Preliminary Witness Lists[6] | April 22, 2027 at 5pm PT |
| Exchange of Affirmative Deposition Designations | April 29, 2027 at 5pm PT |
| Exchange of Exhibit Lists and Final Witness Lists | May 6, 2027 at 5pm PT |
| Daubert Motions and Motions In Limine | May 13, 2027 |
| Exchange of Objections and Counter-Designations to Deposition Designations | May 13, 2027 at 5pm PT |
| Exchange of Objections to Exhibits Lists | May 20, 2027 at 5pm PT |
| Oppositions to Daubert Motions and Motions In Limine | May 27, 2027 |
| Exchange Counter-Counter Designations and Objections to Counter-Designations | May 27, 2027 at 5pm PT |
| Parties Create a Joint Exhibit List with Plaintiff and Defense Exhibits, Deduplicating Exhibits Listed by Both Sides | June 3, 2027 |

[3] If Defendants agree to any new divestitures, agreements, or commitments beyond those that Defendants have already made to the FCC and the Ohio Attorney General, Defendants may not rely on those new divestitures, agreements, or commitments in this litigation without providing Plaintiffs an opportunity to conduct fact and expert discovery on them. Any Party may seek a modification of this schedule to allow additional time for such discovery and trial preparation.

[4] Initial Expert Reports shall include: (1) any affirmative reports submitted by Plaintiffs on market definition or anti-competitive effects; (2) any affirmative reports submitted by Defendants on merger-specific efficiencies or a failing firm defense; and (3) any affirmative industry expert reports submitted by either side. Nothing herein limits the subjects on which the Parties may submit expert reports.

[5] Sur-Rebuttal Expert Report(s) shall not be submitted without agreement of the Parties or order of the Court.

[6] Any witness appearing on a preliminary or final witness list who has not been deposed may be deposed after the close of fact discovery.

[PROPOSED] ORDER                              2                    CASE NO. 2:26-CV-00976-TLN-CKD

| Event | Date |
|---|---|
| Joint Pre-Trial Statement (L.R. 281) | June 10, 2027 |
| Pre-Trial Brief (35-Page Limit)[7] | June 17, 2027 |
| Pre-Trial Conference | June 24, 2027 |
| Lodge Deposition Designations with Court | June 30, 2027 |
| Trial | July 7, 2027 |
| Estimated Trial Length | 15 days, split evenly between the sides |
| Post-Trial Brief (50-Page Limit) Proposed Findings of Fact and Conclusions of Law | 14 Days after Close of Trial |

[7] To the extent that the Parties wish to brief dispositive legal issues, they should be included in the Pre-Trial or Post-Trial Briefs and will be resolved by the Court in issuing its opinion after trial. Any dispositive issue presented this way will be preserved as if presented in a separate dispositive motion. The Parties have agreed not to file dispositive motions.

In addition, the Court hereby adopts as an order the Stipulated Discovery Protocol:

## STIPULATED DISCOVERY PROTOCOL

The State of California, State of Colorado, State of Connecticut, State of Illinois, State of Indiana, State of Kansas, Commonwealth of Massachusetts, State of New York, State of North Carolina, State of Oregon, Commonwealth of Pennsylvania, State of Vermont, and Commonwealth of Virginia (collectively, "Plaintiff States"), Plaintiff DIRECTV, and Defendants Nexstar Media Group, Inc. and TEGNA Inc. (collectively, "the Parties") stipulate and agree to this discovery protocol.

**A. Fed. R. Civ. P. 26(f)(3)(D) (Privilege & Privilege Logs)**

To the extent any Party withholds a document on the basis of a claim of attorney-client privilege, work product doctrine, or other similar privilege or doctrine, that Party shall identify the document on a privilege log that complies with Fed. R. Civ. P. 26(b)(5) and provides sufficient detail for other Parties to assess the claim of privilege or protection.

Documents that meet any one of the following criteria may be excluded from privilege logs:

(i) communications solely among counsel for the Plaintiff States;

(ii) communications solely among counsel for DIRECTV;

(iii) communications solely among counsel for Nexstar;

(iv) communications solely among counsel for TEGNA;

(v) communications solely between or among counsel for DIRECTV and any Plaintiff State that post-date five days before that Plaintiff State filed or joined a complaint in this action; or

(vi) communications solely between or among counsel for Nexstar and TEGNA post-dating the execution of the merger agreement on August 18, 2025, with the exception of communications dated before March 19, 2026, that concern (a) any modifications to the merger agreement, (b) communications reflecting Nexstar's or TEGNA's invocation or assertion of rights under the merger agreement, or (c) notices or communications stating or conveying that a closing condition has or has not been satisfied.[8]

---

[8] If Defendants seek to assert privilege over communications in categories (vi)(a)-(c), they shall list those documents on a privilege log.

If a portion of a document is subject to a claim of attorney-client privilege, work product doctrine, or other similar privilege or doctrine, then only that portion shall be redacted with conspicuous markings and identified on the privilege log.  The remainder of the document shall be produced without redactions.

The Parties shall disclose privilege logs on a rolling basis, but no later than the deadlines described in the Amended Schedule.

**B.  Fed. R. Civ. P. 26(f)(3)(E) (Limitations on Discovery)**

The Parties propose the following limitations on discovery with respect to the claims and defenses in this litigation.[9]

**1.  Depositions**

<u>**Number of Depositions**</u>: Each side may take no more than thirty (30) depositions of fact witnesses, including third-party witnesses (*i.e.*, Plaintiff States and DIRECTV may collectively take up to 30 depositions combined, and Defendants may take up to 30 depositions combined).  Additional depositions of fact witnesses shall be permitted only by agreement of the Parties, by leave of the Court for good cause shown, or as expressly stated in this report.  A side shall be deemed to take a deposition if it noticed or cross-noticed the deposition.  If a side did not notice or cross-notice the deposition of a witness, it may question the witness for a limited period of time as specified below.

A 30(b)(6) deposition shall be counted as a single deposition, regardless of whether a Party or non-party designates multiple individuals to testify, provided that it lasts no more than 10 hours on the record.

Each side may take no more than one deposition of each of the other side's testifying experts, which shall not count against the deposition limits for fact witnesses.

---

[9] The Parties reserve all rights with respect to discovery on ancillary matters beyond the claims and defenses in this litigation.  Plaintiffs have not agreed that the discovery limits reflected here are applicable to Defendants' compliance with the Court's Preliminary Injunction, and Plaintiffs reserve the right to seek such discovery in excess of the limits described here.  Defendants reserve the right to object to such discovery, including on the basis that it is in excess of the limits described here.

**Time for Fact Witness Depositions**: Absent agreement or an order of the Court, individual fact witness deposition shall be limited to:

(i) For party witnesses noticed by one side, 7 hours on the record of questioning by the noticing side and 1 hour on the record of questioning by the non-noticing side, except that Plaintiff States and DIRECTV may designate up to five depositions of Defendants' officers, directors, or employees that shall be limited to 10 hours on the record of total questioning by Plaintiff States and DIRECTV and 2 hours of questioning by Defendants;[10]

(ii) For party witnesses noticed by both sides, 7 hours of on the record questioning by the opposing side and 3 hours of on the record questioning by the non-opposing side;[11]

(iii) If both sides notice a deposition of Defendants' officer, director, or employee, and Plaintiffs designate that deposition as one of the 10-hour depositions permitted under this agreement, then Plaintiffs shall have 10 hours of on-the-record questioning and Defendants shall have four hours of on-the-record questions;

(iv) For non-party witnesses noticed by one side, 6 hours of on the record questioning by the noticing side and 1 hour of on the record questioning by the non-noticing side;

(v) For non-party witnesses noticed by both sides, 3.5 hours of on the record questioning per side.

For depositions described in (i) through (v), time not used by one side shall not revert to the other side.

**Time for Expert Witness Depositions**: Absent agreement or an order of the Court, each testifying expert witness shall be deposed for no longer than 7 hours on the record.

---

[10] For avoidance of doubt, solely for the purposes of the deposition timing provisions in this agreement, (1) an officer, director, or employee of DIRECTV, TEGNA, or Nexstar as of March 18, 2026 or (2) an officer, director, or employee listed on a Party's Initial Disclosures and who was employed by the Party (or a predecessor) as of March 18, 2026, shall be deemed to be a party witness. Counsel shall ensure that contact with potential witnesses complies with California Rule of Professional Conduct 4.2.

[11] For purposes of subparagraphs (ii)-(iii), if a party witness has (1) ceased to be employed by that party prior to their deposition and (2) is not represented by that party's counsel or by separate counsel working under a common interest agreement with that party, that party at its election may have an additional two hours of on the record questioning, without reduction in the deposition time available to the opposing side. A party must make this election at least 14 days before the deposition.

**Noticing and Mechanics**: The Parties may not serve a deposition notice with fewer than fourteen (14) calendar days' notice, absent the Parties' stipulation or leave of the Court permitting a deposition to move forward on shorter notice.

The Parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The Parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

If a deposition is noticed to take place in person, then the witness will not satisfy their compliance obligations unless they appear in person, except by agreement of the noticing Party. Otherwise, for any deposition, each Party may notice, take, defend, or otherwise participate in any such deposition either in person, or remotely, in their sole discretion, notwithstanding how any other Party elects to notice, take, defend, or otherwise participate in such deposition. The Parties will negotiate a deposition protocol to govern deposition procedures, if necessary.

### 2. Requests for Production

Documents produced by a Party from that Party's files, or by a non-party from the non-party's files, shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901. If a Party serves a specific good-faith written objection to the document's authenticity, then the presumption of authenticity will no longer apply to that document and the Parties will promptly meet and confer to attempt to resolve any objection. Defendants' Bates numbering shall indicate whether the document was produced from Nexstar's files or TEGNA's files.

### 3. Non-Party Discovery

Every documentary subpoena to a non-party shall include a cover letter requesting that the non-party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it.

A Party that receives a production of documents in response to a non-party subpoena shall provide to all other Parties, within five (5) business days of receipt (unless a shorter time is necessary due to an upcoming deposition): (i) all materials received pursuant to the subpoena; and (ii) all

declarations or affidavits provided by a non-party, if the non-party fails to provide copies to the other Parties.  Production shall occur in the format the materials were received.

If a non-party fails to timely comply with the document subpoena, then the Parties shall confer regarding whether to reschedule any related deposition and shall not unreasonably withhold consent to rescheduling.  If a non-party deposition is properly noticed pursuant to the above, but the non-party's schedule does not reasonably accommodate a deposition before the end of fact discovery, then a later deposition may occur upon agreement by the Parties or an order of the Court.

### 4.  Interrogatories

Each side may serve up to 30 interrogatories per side (*i.e.*, Plaintiff States and DIRECTV may collectively serve up to 30 interrogatories on Defendants, and Defendants may serve up to 30 interrogatories on Plaintiff States and DIRECTV combined).  An interrogatory that is directed to multiple opposing Parties may be served jointly on those Parties and shall be counted as one interrogatory.

### 5.  Requests for Admission

Each side shall serve no more than 20 requests for admission per side (*i.e.*, Plaintiff States and DIRECTV may collectively serve up to 20 requests for admission on Defendants, and Defendants may serve up to 20 requests for admission on Plaintiff States and DIRECTV combined), excepting those related solely to the authenticity or the admissibility of documents, data, or other evidence.  A request for admission that is directed to multiple opposing Parties may be served jointly on those Parties and shall be counted as one request for admission.

The Parties shall serve objections and responses to requests for admission no later than 21 calendar days after the date of service.  If a Party requests to meet and confer on such objections and responses, then the adverse Party shall agree to participate in a conference that occurs within five (5) business days of the request.

### 6.  Expert Disclosures

Expert disclosures, including each side's expert report(s), shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

1. Neither side must preserve or disclose, including in expert deposition testimony on privilege logs, or through testimony at trial, the following documents or materials:

   a. any form of communication or work product shared between any of the Parties' counsel and their expert(s), persons assisting the expert(s), or consultants, or between the expert(s) or consultants themselves;

   b. any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

   c. expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact;

   d. drafts of expert reports, analyses, or other work product; or

   e. data formulations, data runs, data analyses, or any database-related operations not considered by the expert.

2. The Parties hereby expressly modify the disclosure requirements listed under Federal Rule of Civil Procedure 26(a)(2)(B).  Within three (3) business days of serving an expert report, the serving Party shall disclose to the other side the following materials associated with that expert report:

   a. Identification of the materials relied upon by the expert in forming her opinions, identified by Bates number if available;[12]

   b. copies of any materials relied upon by the expert not previously produced that are not readily available publicly;

   c. for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files; and

   d. any communication from a Party's counsel that forms the sole basis for an opinion, assumption, or fact stated in the expert's report.

---

[12] For avoidance of doubt, any materials considered by—but not relied upon—by the expert in forming their opinions need not be disclosed under this provision, but may be inquired into at deposition consistent with the limitations set forth in Section 6.1.

### 7. Witness Lists

The Parties shall prepare and exchange preliminary fact witness lists, on the date set forth in the Amended Schedule.  These lists shall reflect a good-faith effort to identify the individuals who will be called at trial, shall summarize the general topics of each witness's anticipated testimony, shall include each witness's contact information and name of employer (if known), and shall indicate the Party's intent to call the witness either live or by deposition.  The preliminary fact witness list shall be limited to no more than 25 fact witnesses per side.

Any witness appearing on a preliminary witness list who has not been previously deposed may be deposed, without regard to the deposition limits set forth in the Amended Schedule or the fact discovery deadline, in order to be listed on a final witness list.

The Parties shall prepare and exchange final witness lists, on the date set forth in the Amended Schedule.  Each side's final witness list shall include no more than twenty (20) fact witnesses, in addition to expert witnesses.  Each side may include no more than three (3) fact witnesses on their final witness list who were not listed on a preliminary list, absent express permission by all Parties or order of the Court.  If a witness on the final witness list who was not listed on the preliminary witness list has not been previously deposed, the witness may be deposed, without regard to the deposition limits set forth in the Amended Schedule or the fact discovery deadline.

Neither Plaintiffs nor Defendants may call a witness in their respective cases-in-chief who is not listed on their final witness list, absent express permission by all Parties or order of the Court.

These provisions for the exchange of preliminary and final witness lists do not relieve a Party from its obligations to make timely initial and supplemental disclosures under Fed. R. Civ. P. 26, and the Parties reserve all rights to seek enforcement of Rule 26 with respect to disclosures.

**IT IS SO ORDERED.**

Dated:  June __, 2026

_____
HONORABLE TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE