# EXHIBIT B



2001 M Street NW, 10th Floor
Washington, DC 20036

WWW.WILKINSONSTEKLOFF.COM
———
A LIMITED LIABILITY PARTNERSHIP

June 3, 2026

**Via Email**

Francisco Benzoni
North Carolina Department of Justice
114 West Edenton Street
Raleigh, NC 27603

Glenn D. Pomerantz
Munger Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071

**Re:     Defendants' Preliminary Response to Plaintiffs' May 22 Letter**

Dear Francisco and Glenn:

This letter provides Defendants' preliminary response to your letter dated May 22, 2026, regarding Defendants' compliance with the preliminary injunction. As we agreed on our June 1 call, by providing this letter, Defendants do not waive any objections to or rights with respect to the requests contained in your May 22 letter or to any future requests. Accordingly, this letter should not be construed as a commitment to provide any particular information or as a complete set of objections Defendants may have to your requests. As we likewise agreed, the next step will be for Plaintiffs to consider and propose narrowing edits to the requests in their May 22 letter and to serve restyled requests.

At the outset, we must reiterate that Defendants have been, and are, complying with the preliminary injunction in all respects. In the interest of addressing Plaintiffs' concerns in good faith, however, Defendants believe that they can provide, on a rolling basis beginning no more than three business days after receiving Plaintiffs' restyled requests, the information requested in the following paragraphs in Plaintiffs' May 22 letter, subject to a broader agreement on the requests propounded in your letter and a good-faith narrowing by Plaintiffs, as discussed during our meet and confer:

- Paragraph 1(a)

- Paragraph 1(b)

- Paragraph 1(c)

- Paragraph 2(a)

- Paragraph 4

For the reasons noted below, Defendants find the following requests to be unduly burdensome as presently structured:

- Paragraphs 1(d) and 1(e), which request among other things copies "of any instructions, guidance, guardrails, etc." relating to different topics, are overbroad, vague, and lack clear definitions.

- Paragraph 2(b), which seeks information about records "to document decisions made by TEGNA management about TEGNA operations, agreements, and news programming and whether Nexstar provided any input on those decisions" is even more broad, reaching potentially every decision that "TEGNA management" makes.

For the reasons noted below, Defendants do not believe that Plaintiffs have articulated a colorable basis for the following requests, many of which would likewise impose a significant burden on Defendants:

- Paragraph 3, which requests information from three timeframes across eight categories —"operations, staffing, promotional, advertising, sales, technical assistance, marketing, and merchandising support"—for each of the 64 TEGNA stations. Plaintiffs' letter does not set forth any basis to suggest that Nexstar is not complying with the preliminary injunction's requirement to use reasonable efforts to maintain the levels of the eight categories quoted above. Moreover, gathering the information requested for 64 individual stations would require significant resources. This process would be time-consuming and extremely burdensome, as would be identifying all of the steps Nexstar has taken to maintain pre-closing levels for each category at each station.

- Paragraph 5, which requests information about potential or contemplated agreements between Nexstar and TEGNA. The preliminary injunction does not prohibit Nexstar from entering into arm's length transactions with TEGNA, which are consistent with TEGNA's operation as an independently managed business unit. Nor does Plaintiffs' letter set forth any reason to believe that Nexstar and TEGNA contemplated or entered any non-arm's-length agreements since the TRO was entered on March 27.

- Paragraph 6, which requests information about steps Nexstar is taking in its use of TEGNA's excess cash flow and about TEGNA's budget. As your May 22 letter acknowledges, the preliminary injunction provides that "it shall not be a violation of this Order for Nexstar to . . . undertake ordinary-course cash management, ordinary-course intercompany transfers, and ordinary-course debt service and repayment activities necessary to comply with Nexstar's financing obligations, including refinancing activities, security perfection, and guaranty, provided that Nexstar does not use this provision as a pretext to undermine TEGNA's viability as a going concern." Order at 50. Plaintiffs' letter does not set forth any basis to suggest that Defendants have acted inconsistently with that

2

provision, instead citing earnings call statements that merely confirm Nexstar is acting in accord with its hold-separate obligations.


Sincerely,

Sarah Neuman