UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

Case No. 2:26-cv-00976-TLN-CKD

In Re: Nexstar-TEGNA Merger Litigation

**DECLARATION OF PERRY A. SOOK IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION OF PRELIMINARY INJUNCTION ORDER**

I, Perry A. Sook, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am the founder, Chairman, and Chief Executive Officer of Nexstar Media Group, Inc. ("Nexstar"). I now also serve on the Board of TEGNA Inc. ("TEGNA"), and have been in that role since Nexstar acquired TEGNA following DOJ and FCC regulatory approval on March 19, 2026.

2.      I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to them under oath.

3.      Since the TRO was entered in this case, the TEGNA Board has had no involvement in TEGNA's retransmission consent negotiations, content decisions, station management, or other day-to-day operations.

4.      The actions taken by the post-TRO TEGNA Board have been limited and have consisted of the following: The Board expanded its initial size of three—Lee Ann Gliha, the Nexstar General Counsel (Rachel Morgan, later replaced by Elizabeth Ryder), and me—to five by adding Michael Biard, President and Chief Operating Officer of Nexstar, and independent director Timothy Busch to the Board. In connection with the departure of TEGNA's previous CEO, Michael Steib, the Board searched for a new CEO to run an independently managed TEGNA. On May 26, 2026, the Board announced its appointment of Patrick Paolini, then-Executive Vice President of Advertising Sales for FOX Television Stations, to the role. Mr. Paolini began serving as TEGNA CEO on June 1, 2026, and since then has named seven additional TEGNA officers as well as a Vice President

of Technology and Operations. ████████████████████

████████████████████████████████████

████  ████████████████████████████

████████  ██████████████████████████

████████████████████████████████████

██████████████████████

5.      I understand that Paragraph 11 of the Preliminary Injunction Order (the "Order") contains a list of functions relating to TEGNA that Nexstar is permitted to perform while the Order is in effect. My service on TEGNA's Board has been limited to those specific functions. I have agreed to recuse myself from any Board decision that may come up that falls outside those specific functions. No such decision has yet been presented to the Board.

6.      I have read the declaration of Ms. Gliha. Her understanding of Nexstar's and her personal obligations under the Sarbanes-Oxley Act, SEC regulations, and Nexstar's Debt Agreements, as expressed in that declaration, are also what I understand to be Nexstar's and my own personal obligations as Nexstar's CEO.

7.      For the reasons set forth in the declaration of Ms. Gliha, which apply equally to me as the CEO of Nexstar, requiring me to relinquish membership on the TEGNA Board and the associated visibility and voting power would eliminate my and Nexstar's ability to satisfy mandatory legal and contractual obligations, jeopardize the accuracy of the certifications I am required to make to the SEC, increase the risk of an inadvertent default under the Debt Agreements, and expose me personally to civil and criminal liability.

8.      For the reasons set forth in the declaration of Ms. Gliha, which apply equally to me as the CEO of Nexstar, I respectfully submit that my continued service on the TEGNA Board is necessary to Nexstar's discharge of its legal and contractual obligations.

9.      I have read the Order and fully intend to continue complying with it. To the extent I have questions about the Order, I am able to consult with counsel about them.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of July, 2026 in Irving, Texas.

By: /s/ _____
    Perry Sook