# EXHIBIT E

2001 M Street NW, 10th Floor
Washington, DC 20036

WILKINSON STEKLOFF

WWW.WILKINSONSTEKLOFF.COM
A LIMITED LIABILITY PARTNERSHIP

June 17, 2026

**Via Email**

Francisco Benzoni
North Carolina Department of Justice
114 West Edenton Street
Raleigh, NC 27603

Glenn D. Pomerantz
Munger Tolles & Olson LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071

**Re: Plaintiffs' June 9 Letter and Accompanying Compliance Discovery Requests**

Dear Francisco and Glenn:

This letter provides Defendants' responses to the discovery requests accompanying your June 9 letter. By providing the below responses, Defendants do not waive any objections to or rights with respect to the requests contained in your May 22 letter, June 9 letter or requests, or to any subsequent requests. Defendants also are in receipt of your letter dated June 16 and will do their best to respond to that letter on Monday, June 22.

**Request 1**[1]

Request: Produce all instructions or guidance provided to (i) TEGNA management regarding its management of TEGNA under the Preliminary Injunction Order and (ii) Nexstar management regarding Nexstar's compliance with the Preliminary Injunction, including all reports made to the "Board of TEGNA" and Nexstar's board discussing how TEGNA and/or Nexstar management will comply or have complied with such instructions or guidance. Please also produce any operating covenants to which TEGNA management is required to adhere.

Response: The formal guidance and instructions provided to TEGNA and Nexstar management regarding compliance with the preliminary injunction were prepared by and at the direction of legal counsel in anticipation of litigation and in connection with these proceedings. Accordingly, those communications are protected from disclosure by the attorney-client privilege and the attorney work product doctrine, and Defendants decline to produce them. The operating covenants to which TEGNA management is required to adhere are set forth in Section 6.1 of the Merger Agreement. *See* Dkt No. 63-4, at 47–51 § 6.1; Dkt. No. 172 ("Order"), at 51 ¶ 11(g).

[1] The request numbers in this letter refer to the numbering in Plaintiffs' June 9 discovery requests.

**Request 2**

Request: State whether Defendants have a formal process in place for TEGNA to make management decisions regarding its operations, agreements, and news programming selections during the hold separate period. To the extent such a process exists, please describe that process (including the individuals involved) and whether Nexstar and its employees provide approval or input at any point in that process. If no such process exists, please state as much.

Response: Defendants have not made any changes to TEGNA's decisionmaking processes regarding TEGNA operations, agreements, or news programming selections during the hold separate period. Nexstar does not participate in, approve, or provide input into any such decisions, and no such process for Nexstar involvement has been established. TEGNA continues to manage its operations in the ordinary course through its own management team, consistent with how it operated prior to closing.

**Request 3**

Request: Provide the following information regarding TEGNA's operations:

a. Provide TEGNA's (i) last operating business plan prior to the execution of the merger agreement on August 18, 2025; (ii) last operating business plan prior to closing of the merger agreement on March 19, 2026; and (ii) current operating business plan. To the extent these business plans do not include information regarding the 2025, pre-closing 2026, and current staffing levels and financial support for station operations for each acquired TEGNA station, please provide those.

b. Describe the steps Nexstar and TEGNA are taking to comply with Paragraph 8 of the Preliminary Injunction Order.

Response: TEGNA does not maintain an "operating business plan" in the ordinary course of business. Plaintiffs' letters still have not set forth any basis to suggest that Defendants are not complying with the preliminary injunction's station maintenance requirements. As we have explained during our meet and confer and in writing, that information is burdensome to collect. In any event, Defendants have not altered the process by which TEGNA stations are staffed, funded, or otherwise operated during the hold separate period. For all these reasons, Defendants decline to produce as part of the compliance discovery process information related to station staffing and funding or the other matters listed in Paragraph 8 of the preliminary injunction order. Plaintiffs may seek that information through the merits discovery process.

**Request 4**

Request: Identify the following information relating to Mr. Sook's statement during Nexstar's Q1 2026 earnings call that "there are certain commercial agreements that Mike Biard and I have been talking about that we could enter into on an arm's length basis with TEGNA under the order":

a. Describe what Mr. Sook meant by "arm's length" agreements between Nexstar and TEGNA.

b. Identify all agreements entered into between Nexstar and TEGNA after closing and state whether each such agreement is "arm's length."

Response: (a) Mr. Sook used the term "arm's length" to refer to an agreement between entities that make independent decisions in their respective economic interest.

(b) To date, Nexstar and TEGNA have not entered into any agreements during the hold separate period.

**Requests 5 and 6**

Requests: Identify and describe what steps, if any, Nexstar is taking to ensure that its use of TEGNA's excess cash flow complies with the Preliminary Injunction's requirement that TEGNA remain an "ongoing, economically viable, and active competitor."

Produce a copy of TEGNA's pre-closing budget and a copy of TEGNA's current budget.

Response: Defendants maintain that Ms. Gliha's quoted statements in Plaintiffs' May 22 and June 9 letters provide no basis to question Nexstar's compliance with the preliminary injunction. Nevertheless, in an effort to resolve Plaintiffs' concerns, Defendants are producing concurrently with this letter a copy of TEGNA's budget for Fiscal Year 2026, which is concurrent with the 2026 calendar year. The 2026 pre-closing budget remains in place and has not changed since the deal closed. TEGNA has been considering some budgetary changes, and Defendants will promptly produce any revised budget if and when it is finalized.

Sincerely,

Sarah Neuman