UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

In re Nexstar-TEGNA Merger Litigation

Case No. 2:26-cv-00976-TLN-CKD

**[PROPOSED] ORDER APPOINTING SPECIAL MASTER**

Judges: Honorable Troy L. Nunley and Honorable Carolyn K. Delaney

Action Filed: March 18, 2026

**[PROPOSED] ORDER**

The parties' joint stipulation and proposed order for the appointment of a special master came before the Court on August 20, 2026. Having considered the parties' submission, in accordance with Federal Rule of Civil Procedure 53 and the Court's inherent authority to enforce the Preliminary Injunction entered on April 17, 2026, IT IS HEREBY ORDERED:

1. The Court has reviewed the parties' proposed candidate for Special Master, including the candidate's disqualification affidavit submitted pursuant to Fed. R. Civ. P. 53(b)(3), and hereby appoints Charles J. Stevens to serve as the Special Master. By August __, 2026, the parties must provide a copy of this Order, a copy of the Court's Order Granting Plaintiffs' Motion for Clarification (ECF No. 292), and a copy of the Preliminary Injunction (ECF No. 172) to Mr. Stevens. By August ___, 2026, the Court requests that Mr. Stevens indicate his acceptance or rejection of the appointment. Should Mr. Stevens accept the appointment, the following will apply:

2. Duties. Pursuant to the Court's August 6, 2026 Order Clarifying the Preliminary Injunction Order, ECF No. 292, and the Court's authority under Fed. R. Civ. P. 53, the Court is appointing a Special Master to (i) monitor Defendants' compliance with the Preliminary Injunction, (ii) oversee discovery related to Defendants' compliance, and (iii) provide regular reports to the Court. To accomplish these duties, and pursuant to the procedures set forth below, the Special Master shall have the authority to:

   a. supervise accelerated discovery relating to compliance with the Preliminary Injunction in accordance with the schedule set forth in Paragraph 3 of this Order;

   b. resolve any disputes relating to discovery concerning Defendants' compliance with the Preliminary Injunction;

   c. order any discovery into Defendants' compliance with the Preliminary Injunction that is permissible under the Federal Rules of Civil Procedure;

   d. conduct interviews (in the presence of both parties) of TEGNA or Nexstar personnel, including but not limited to directors, officers, employees, and contractors, that are reasonably necessary for the Special Master to discharge his duties, so long as the

Special Master discloses in advance the topics or types of questions he intends to cover and Defendants are able to object to seek narrowing of the proposed topics or questions. The parties shall not conduct any questioning at such interviews;

e. conduct conferences with the parties regarding compliance issues;

f. conduct evidentiary hearings;

g. review evidence and documents, including the monthly materials set forth in Paragraph 5 of this Order;

h. make factual findings as to Defendants' conduct and submit reports to the Court as appropriate; and

i. if necessary and appropriate in the Special Master's judgment, impose noncontempt sanctions related to compliance discovery pursuant to Federal Rule of Civil Procedure 37 or 45.

3. Procedures for Accelerated Discovery. Discovery disputes related to Defendants' compliance with the Preliminary Injunction shall be decided in the first instance by the Special Master in accordance with the following procedures:

a. Defendants shall respond or object to discovery requests related to compliance within seven calendar days, unless otherwise agreed to by the parties. If a dispute arises concerning Defendants' response or objection, the parties shall promptly meet and confer in good faith to attempt to resolve the dispute.

b. Within three calendar days of reaching an impasse on a discovery dispute, at a time mutually agreed upon by the parties, the parties shall submit simultaneous three-page single-spaced (or shorter) letter briefs to the Special Master outlining each sides' positions and the bases for those positions. No response or reply letter briefs, or additional briefing, shall be submitted on the issue unless requested by the Special Master.

c. If the Special Master concludes after reviewing the parties' letter briefs that hearing from the parties is warranted, the Special Master may hold a hearing to resolve the parties' discovery dispute as soon as practicable. Remote hearings are permissible.

Alternatively, the Special Master may resolve the dispute based on the parties' briefs without a formal hearing.

d. If the Special Master orders a production of documents or response(s) to written discovery, such production or responses must be provided within seven calendar days, unless otherwise ordered by the Special Master or Defendants timely file an objection to such order with the Court.

4. Monthly Submissions to the Special Master. To facilitate the Special Master's oversight of discovery into compliance and compliance monitoring functions, Defendants shall, beginning on the 15th day of the first calendar month after entry of this Order and on the 15th day of each month thereafter until further order of the Court (the "reporting period"),[1] produce to Plaintiffs and the Special Master:

a. those materials the Court has already required to be produced to Plaintiffs on a monthly basis, ECF No. 292 at 14, including (i) TEGNA Board Meeting minutes (ii) any material changes to TEGNA budgets, forecasts, or strategic operating plans adopted or approved by TEGNA in the preceding month; (iii) any periodic financial or operational reports (however titled or styled) presented to the TEGNA Board; and (iv) any change in TEGNA's directors or officers;

*b. [PLAINTIFFS' PROPOSAL: a record of all written or oral communications between any of Nexstar's Senior Management*[2] *and a member of TEGNA Senior Management,*[3] *including where applicable the dates of any meetings and minutes of the matters discussed that occurred during the preceding month, or a sworn*

---

[1] In the event that the 15th of the month falls on a weekend or court holiday, Defendants shall make their monthly submission on the next business day.

[2] *[PLAINTIFFS' PROPOSAL: Nexstar Senior Management includes any member of Nexstar's Board of Directors as well as any person occupying an Executive Officer position identified in Part III, Item 10 of Nexstar's annual 10-K report.]*

[3] *[PLAINTIFFS' PROPOSAL: TEGNA Senior Management includes any member of TEGNA's Board of Directors as well as any person appointed pursuant to Paragraph 11(f) of the Order as a TEGNA officer, including but not limited to Patrick Paolini, Raquel Amparo, Mark Conetta, Melissa Jones, Pamela Long, Cam McClelland, Kurt Rao, and Marc Sher.]*

*certification that no such communications occurred;]*

c. certifications from TEGNA's CEO and Nexstar's CEO, based on their personal knowledge and information conveyed to them by their General Counsel, that TEGNA is operating independently and is not taking direction from Nexstar except as permitted by the Preliminary Injunction, and that TEGNA and Nexstar have maintained internal controls to prevent improper sharing of competitively sensitive information with each other, along with a description of the internal controls;

d. a list of any agreement entered into between Nexstar and TEGNA during the reporting period *[PLAINTIFFS' PROPOSED ADDITION: or discussed between Nexstar Senior Management and TEGNA Senior Management]*, including (i) copies of any final, written agreements; (ii) for oral agreements, a summary of material terms; and (iii) a statement explaining why each arrangement entered into—whether oral or written—is believed to be arm's length and consistent with the Preliminary Injunction;

*e. [PLAINTIFFS' PROPOSAL: copies of complaints received by Nexstar or TEGNA during the reporting period through their central reporting mechanism that allege failure to comply with the Preliminary Injunction, where the central reporting mechanism is either agreed to by both parties or, if not agreed to by both parties, decided by the Special Master;]*

*[DEFENDANTS' PROPOSAL: disclosure of any complaints regarding PI compliance received during the reporting period via reporting mechanisms that Nexstar and TEGNA shall establish within 20 days of this order, as well as any corrective actions taken. Upon instituting the reporting mechanisms, Defendants shall also provide a description of their features to Plaintiffs and to the Special Master, without disclosing any privileged content or advice;]*

*f. [DEFENDANTS' PROPOSAL: any other materials the Special Master orders Defendants to provide as part of their monthly reporting, whether at the request of Plaintiffs or the Special Master's own determination, subject to Defendants' ability*

*to seek review of such an order from the District Court.]*

5. Procedures for Compliance Monitoring. The Special Master shall review the monthly compliance package set forth in Paragraph 4 of this Order and any other submitted materials for completeness, consistency with prior submissions, and potential compliance issues raised by the parties, and may request reasonable follow-up information where necessary. The Special Master may interview a party's employees in the presence of counsel from all parties if such an interview is reasonably necessary to fulfill his duties, subject to the rules set forth in Paragraph 2(d). The Special Master may, in his discretion and with reasonable notice: meet with the parties to discuss any issues concerning compliance with the Preliminary Injunction; request briefing and evidence, including copies of any compliance-related discovery that has been provided to Plaintiffs; and/or hold a hearing as reasonably necessary to fulfill his duties.

*[DEFENDANTS' PROPOSED ADDITION: If the Special Master finds, after notice and the opportunity to be heard, that the Preliminary Injunction has been violated, the Special Master may order that corrective action be taken. If the Special Master is unable to determine whether conduct is prohibited by the Preliminary Injunction, the Special Master may recommend to the District Court to issue a clarification. The Court shall have exclusive authority to clarify or modify the Preliminary Injunction and to review any compliance finding made by the Special Master.]*

6. Monthly Compliance Reports. The Special Master shall provide the Court and the parties with a monthly compliance report summarizing the Special Master's actions and Defendants' conduct reflected in materials provided to the Special Master by the parties, material compliance issues raised by the parties, and any unresolved disputes requiring Court attention. The Special Master may also file an interim report if the Special Master has a good-faith basis to believe there is a compliance issue raised by the parties that cannot await the next regular report.

7. Procedures to Object to Special Master Determinations. Any party may object to a request, order, finding, or recommendation of the Special Master in accordance with Fed. R. Civ. P.

53(f). A party wishing to respond to or object to any Special Master request, order, finding, or recommendation must file such response or objection with the Court within seven calendar days from the day the Special Master issues the ruling, recommendation, or report. The objection shall not exceed ten pages double-spaced. Any opposition shall be filed within four calendar days after the objection is filed and shall not exceed ten pages double-spaced. No replies will be permitted without leave of the Court.

8. Limitations on Special Master Process. The Special Master's oversight over compliance with the Preliminary Injunction, and discovery related to such compliance, is separate and distinct from merits discovery in this litigation. Plaintiffs may not use the Special Master process to obtain discovery on issues other than Defendants' compliance with the Preliminary Injunction.

9. Judicial Review. Pursuant to Fed. R. Civ. P. 53(f)(1), in acting on a report or recommendation of the Special Master, the Court shall afford the parties an opportunity to present their positions and may adopt or affirm, modify, wholly or partly reject, resubmit to the Special Master with instructions, or make any order it deems appropriate. The default standards of review contained in Fed. R. Civ. P. 53(f)(3)-(5) shall apply.

10. Obligation to Preserve Materials. The Special Master shall maintain an organized record of all proceedings conducted pursuant to this Order, including all written submissions by the parties, correspondence relating to matters before the Special Master, transcripts or recordings of any proceedings, exhibits received, and any orders, reports, recommendations, or other decisions issued by the Special Master. Submission of materials to the Special Master shall not strip them of any applicable protections under the Protective Order (ECF No. 238). The Special Master shall preserve such records throughout the pendency of the appointment. Pursuant to Fed. R. Civ. P. 53(d), the Special Master shall file all orders issued and promptly serve copies on each party. The Clerk of Court must enter such orders on the docket. Upon termination of the Special Master's appointment, the Special Master shall file with the Court, or otherwise transmit to the Clerk of Court as directed by the Court, the record of the Special Master's activities. Throughout the pendency of the Special Master's

appointment, the parties must serve all submissions on all other parties and include a certificate of service with any submission made to the Special Master.

11. Communications with the Court.

*[PLAINTIFFS' PROPOSAL: The Special Master shall be permitted to communicate ex parte with the Court as necessary for administrative purposes, including but not limited to facilitating the filing of any report or recommendation or receiving copies of court filings or transcripts. Otherwise, all communication with the Court by the Special Master should be in writing and either filed on the docket or made in the presence of the parties.]*

*[DEFENDANTS' PROPOSAL: If the Court deems such communications to be helpful and appropriate, the Special Master shall be permitted to communicate ex parte with the Court.]*

12. Communications with the Parties. The Special Master shall not communicate ex parte with any party, with the exceptions of consent from all parties or in camera reviews necessitated by issues of privilege.

13. Term of Service. The Special Master shall serve from the date of appointment until the earlier of (a) the termination, dissolution, or expiration of the Court's Preliminary Injunction, or (b) the entry of a further order of the Court terminating the appointment.

14. Compensation. The Special Master will charge his normal per-hour billing rate, which is $1500/hour.

15. Appointment of Assistants. The Special Master may hire, subject to the approval of the Court, any persons reasonably necessary to fulfill his responsibilities. The compensation of any persons shall be on reasonable and customary terms commensurate with the individuals' experience and responsibilities. Prior to hiring any assistant, the Special Master shall notify the parties and provide the parties with information about the proposed assistant, including his or her name, qualification, anticipated scope of work, and hourly rate. Either party may object to any proposed hiring by filing an objection with the Court.

16. Responsibility for Costs.

*[PLAINTIFFS' PROPOSAL: Pursuant to Fed. R. Civ. P.53(g)(3), as set forth in the Court's Order (ECF No. 292), the Court finds that Defendants' conduct has necessitated*

*appointment of a Special Master. Accordingly, unless otherwise ordered by the Court, Defendants shall be solely responsible for the Special Master's fees and costs, as well as the fees and costs incurred by any assistants hired by the Special Master pursuant to Section 15 of this Order.]*

*[DEFENDANTS' PROPOSAL: Pursuant to Fed. R. Civ. P.53(g)(3), Defendants shall cover 75 percent of the Special Masters' compensation and assistant costs, while Plaintiffs shall cover the remaining 25 percent.]*

17. Limitations on Authority. The Special Master shall not resolve the merits of Plaintiffs' antitrust claims or any issue reserved for trial. The Special Master also shall not order discovery on issues other than Defendants' compliance with the Preliminary Injunction. *[PLAINTIFFS' PROPOSED ADDITION: The Special Master may not recommend contempt sanctions, make ultimate findings as to whether Defendants are in compliance with the Preliminary Injunction, modify the Preliminary Injunction, or consider requests to modify or clarify the Preliminary Injunction, which must be raised with the Court in the first instance.]*

18. Contempt. The Court retains exclusive authority to impose sanctions for noncompliance with the Preliminary Injunction, including contempt sanctions.

19. Amendments. Pursuant to Fed. R. Civ. P. 53(b)(4), this Order may be amended at any time after notice to the parties and an opportunity to be heard.

**IT IS SO ORDERED.**

Date: _______________

_______________________________________
Hon. Troy L. Nunley
Chief United States District Judge