UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re Nexstar-TEGNA Merger Litigation

No. 2:26-cv-00976-TLN-CKD

**ORDER APPOINTING SPECIAL MASTER**

This matter is before the Court on the parties' joint stipulation and proposed order for the appointment of a special master. (ECF No. 304.) The Court previously found ongoing compliance monitoring and compliance discovery management by a special master appropriate in this case, given Defendants' conduct, the expedited posture of this case, and the long-standing judicial emergency in this district.[1] (ECF No. 292 at 11–13.) Therefore, having considered the parties' submission, in accordance with Federal Rule of Civil Procedure 53 and the Court's inherent authority to enforce the Preliminary Injunction entered on April 17, 2026, IT IS HEREBY ORDERED:

1. The Court has reviewed the parties' proposed candidate for Special Master, including the candidate's disqualification affidavit submitted pursuant to Fed. R. Civ. P. 53(b)(3), and hereby appoints Charles J. Stevens to serve as a Special Master to monitor compliance with the Preliminary Injunction (ECF Nos. 172, 292) as further outlined below. By September 1, 2026, the parties must provide Mr. Stevens copies of: this Order, the Order Granting Plaintiffs' Motion for Clarification (ECF No. 292), the Preliminary Injunction (ECF No. 172), and the Amended Stipulated Protective Order (ECF No. 238). By September 8, 2026, the parties shall file notice of acceptance or rejection of the appointment.[2] Should Mr. Stevens accept the appointment, the following will apply:

2. Duties. Pursuant to the parties' consent, the Order Clarifying the Preliminary Injunction (ECF No. 292), and the Court's authority under Fed. R. Civ. P. 53, the Court appoints a Special Master to (i) monitor Defendants' compliance with the Preliminary Injunction, (ii) oversee discovery related to Defendants' compliance and any compliance discovery disputes, and (iii) provide regular reports to the Court. The Special Master is direct to proceed with all reasonable diligence in the administration of his duties.

To accomplish these duties, and pursuant to the procedures set forth below, the Special Master shall have the authority to:

---

[1] Eastern District of California Judicial Emergency, United States District Court for the Eastern District of California, https://www.caed.uscourts.gov/caednew/index.cfm/news/judicial-emergency/.

[2] Any notice of acceptance shall include Mr. Stevens' email address for electronic filing access. Upon receipt, the Court will add Mr. Stevens as Special Master in the CM/ECF system to permit electronic filing in this case.

a. supervise accelerated discovery relating to compliance with the Preliminary Injunction in accordance with the schedule set forth in Paragraph 3 of this Order;

b. resolve any disputes relating to discovery concerning Defendants' compliance with the Preliminary Injunction;

c. order any discovery into Defendants' compliance with the Preliminary Injunction that is permissible under the Federal Rules of Civil Procedure;

d. conduct interviews (in the presence of both parties) of TEGNA or Nexstar personnel, including but not limited to directors, officers, employees, and contractors, that are reasonably necessary for the Special Master to discharge his duties, so long as the Special Master discloses in advance the topics or types of questions he intends to cover and Defendants are able to object to seek narrowing of the proposed topics or questions. The parties shall not conduct any questioning at such interviews;

e. conduct conferences with the parties regarding compliance issues;

f. conduct evidentiary hearings regarding compliance issues;

g. review evidence and documents, including the monthly materials set forth in Paragraph 5 of this Order;

h. make factual findings as to Defendants' compliance conduct, order corrective actions to ensure compliance, and submit reports and recommendations to the Court; and

i. if necessary and appropriate in the Special Master's judgment, impose non-contempt sanctions related to compliance discovery pursuant to Federal Rule of Civil Procedure 37 or 45.

3. Procedures for Accelerated Discovery. Discovery disputes related to Defendants' compliance with the Preliminary Injunction shall be decided in the first instance by the Special Master in accordance with the following procedures:

a. Defendants shall respond or object to discovery requests related to compliance within seven calendar days, unless otherwise agreed to by the parties. If a dispute

arises concerning Defendants' response or objection, the parties shall promptly meet and confer in good faith to attempt to resolve the dispute;

b. Within three calendar days of reaching an impasse on a discovery dispute, at a time mutually agreed upon by the parties, the parties shall submit simultaneous three-page single-spaced (or shorter) letter briefs to the Special Master outlining each sides' positions and the bases for those positions. No response or reply letter briefs, or additional briefing, shall be submitted on the issue unless requested by the Special Master;

c. If the Special Master concludes after reviewing the parties' letter briefs that hearing from the parties is warranted, the Special Master may hold a hearing to resolve the parties' discovery dispute as soon as practicable. Remote hearings are permissible. Alternatively, the Special Master may resolve the dispute based on the parties' briefs without a formal hearing; and

d. If the Special Master orders a production of documents or response(s) to written discovery, such production or responses must be provided within seven calendar days, unless otherwise ordered by the Special Master or Defendants timely file an objection to such order with the Court.

4. Monthly Submissions to the Special Master. To facilitate the Special Master's oversight of discovery into compliance and compliance monitoring functions, Defendants shall, beginning on the 15th day of the first calendar month after entry of this Order and on the 15th day of each month thereafter until further order of the Court (the "reporting period"),[3] produce to Plaintiffs and the Special Master:

a. those materials the Court has already required to be produced to Plaintiffs on a monthly basis (ECF No. 292 at 14), including: (i) TEGNA Board Meeting minutes; (ii) any material changes to TEGNA budgets, forecasts, or strategic

[3] In the event that the 15th of the month falls on a weekend or court holiday, Defendants shall make their monthly submission on the next business day.

operating plans adopted or approved by TEGNA in the preceding month; (iii) any periodic financial or operational reports (however titled or styled) presented to the TEGNA Board; and (iv) any change in TEGNA's directors or officers;

b. certifications from TEGNA's CEO and Nexstar's CEO, based on their personal knowledge and information conveyed to them by their General Counsel, that TEGNA is operating independently and is not taking direction from Nexstar except as permitted by the Preliminary Injunction, and that TEGNA and Nexstar have maintained internal controls to prevent improper sharing of competitively sensitive information with each other, along with a description of the internal controls;

c. a list of any agreement(s) entered into between Nexstar and TEGNA during the reporting period or discussed between Nexstar Senior Management and TEGNA Senior Management, including: (i) copies of any final, written agreements; (ii) for oral agreements, a summary of material terms; and (iii) a statement explaining why each agreement entered into — whether oral or written — is believed to be arm's length and consistent with the Preliminary Injunction;

d. copies of complaints received by Nexstar or TEGNA during the reporting period through their central reporting mechanism that allege failure to comply with the Preliminary Injunction, where the central reporting mechanism is either agreed to by both parties or, if not agreed to by both parties, decided by the Special Master;

e. if directed by the Special Master, a record of all written or oral communications between any of Nexstar's Senior Management[4] and a member of TEGNA Senior Management,[5] including where applicable the dates of any meetings and minutes

---

[4] Nexstar Senior Management includes any member of Nexstar's Board of Directors as well as any person occupying an Executive Officer position identified in Part III, Item 10 of Nexstar's annual 10-K report.

[5] TEGNA Senior Management includes any member of TEGNA's Board of Directors as well as any person appointed pursuant to Paragraph 11(f) of the Order as a TEGNA officer, including but not limited to Patrick Paolini, Raquel Amparo, Mark Conetta, Melissa Jones, Pamela Long, Cam McClelland, Kurt Rao, and Marc Sher.

of the matters discussed that occurred during the preceding month, or a sworn certification that no such communications occurred; and

f. any other materials the Special Master orders Defendants to provide as part of their monthly reporting, whether at the request of Plaintiffs or the Special Master's own determination, subject to Defendants' ability to seek review of such an order from the District Court.

5. Procedures for Compliance Monitoring. The Special Master shall review the monthly compliance package set forth in Paragraph 4 of this Order and any other submitted materials for completeness, consistency with prior submissions, and potential compliance issues raised by the parties, and may request reasonable follow-up information where necessary. The Special Master may interview a party's employees in the presence of counsel from all parties if such an interview is reasonably necessary to fulfill his duties, subject to the rules set forth in Paragraph 2(d). The Special Master may, in his discretion and with reasonable notice: meet with the parties to discuss any issues concerning compliance with the Preliminary Injunction; request briefing and evidence, including copies of any compliance-related discovery that has been provided to Plaintiffs; and/or hold a hearing as reasonably necessary to fulfill his duties.

If the Special Master finds, after notice and the opportunity to be heard, that the Preliminary Injunction has been violated, the Special Master may order that corrective action be taken. If the Special Master is unable to determine whether conduct is prohibited by the Preliminary Injunction, the Special Master may recommend that the Court issue a clarification of the Preliminary Injunction. The Court shall have exclusive authority to clarify or modify the Preliminary Injunction and to review any compliance finding or order made by the Special Master.

6. Monthly Compliance Reports. The Special Master shall provide the Court and the parties with a brief monthly compliance report summarizing the Special Master's actions and identifying material compliance issues raised by the parties and any unresolved disputes requiring Court attention. The Special Master may also file an interim report or request to the Court if the Special Master has a good-faith basis to believe there is a compliance issue raised by the parties that cannot await the next regular report.

The Special Master shall file his reports into the record via CM/ECF. If appropriate, the Special Master may file portions of the report under seal in compliance with the Federal Rules of Civil Procedure, Local Rules 140 and 141, and this Court's Civil Standing Order (https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50201/tln-civil-standing-order/). If the Special Master believes information in his report may be subject to seal, he shall provide a copy of the report to the parties at least 48 hours (or other stipulated time frame) in advance of filing, so the parties may seek Court approval to seal portions of the report, if necessary.

7. Procedures to Object to Special Master Determinations. Any party may object to a request, order, finding, or recommendation of the Special Master in accordance with Fed. R. Civ. P. 53(f). A party wishing to respond to or object to any Special Master request, order, finding, or recommendation must file such response or objection with the Court within seven calendar days from the day the Special Master issues the ruling, recommendation, or report. The objection shall not exceed ten pages double-spaced. Any opposition shall be filed within four calendar days after the objection is filed and shall not exceed ten pages double-spaced. No replies will be permitted without leave of the Court.

8. Limitations on Special Master Process. The Special Master's oversight over compliance with the Preliminary Injunction, and discovery related to such compliance, is separate and distinct from merits discovery in this litigation. Plaintiffs may not use the Special Master process to obtain discovery on issues other than Defendants' compliance with the Preliminary Injunction.

9. Judicial Review. Pursuant to Fed. R. Civ. P. 53(f)(1), in acting on a report or recommendation of the Special Master, the Court shall afford the parties an opportunity to present their positions and may adopt or affirm, modify, wholly or partly reject, resubmit to the Special Master with instructions, or make any order it deems appropriate. The default standards of review contained in Fed. R. Civ. P. 53(f)(3)-(5) shall apply.

10. Obligation to Preserve Materials. The Special Master shall maintain an organized record of all proceedings conducted pursuant to this Order, including all written submissions by the parties, correspondence relating to matters before the Special Master, transcripts or recordings of any proceedings, exhibits received, and any orders, reports, recommendations, or other decisions issued

by the Special Master. Submission of materials to the Special Master shall not strip them of any applicable protections under the Protective Order (ECF No. 238). The Special Master shall preserve such records throughout the pendency of the appointment and until final disposition of this case, including all appeals exhausted or waived. Pursuant to Fed. R. Civ. P. 53(d), the Special Master shall file into the docket all orders issued.

11. Communications with the Court. The Special Master shall be permitted to communicate ex parte with the Court as necessary for administrative purposes, including but not limited to facilitating the filing of any report or recommendation or receiving copies of court filings or transcripts. Otherwise, all communication with the Court by the Special Master should be in writing and either filed on the docket or made in the presence of the parties.

If the Special Master or Court believes it would be helpful, necessary, or appropriate to communicate about a particular topic outside the hearing of the parties, beyond administrative matters, the Special Master or Court will notify the parties in advance to seek the parties' consent for ex parte communication for that limited purpose.

12. Communications with the Parties. The Special Master shall not communicate ex parte with any party, with the exceptions of consent from all parties or in camera reviews necessitated by issues of privilege.

Throughout the pendency of the Special Master's appointment, the parties must serve all submissions on all other parties and include a certificate of service with any submission made to the Special Master.

13. Term of Service. The Special Master shall serve from the date of appointment (the date the notice of acceptance is filed) until the earlier of (a) the termination, dissolution, or expiration of the Court's Preliminary Injunction, or (b) the entry of a further order of the Court terminating the appointment. Upon termination of the Special Master's appointment, the Special Master shall file the record of the Special Master's activities and the Special Master's total invoice.

14. Compensation. The Special Master will charge his normal per-hour billing rate, which is $1,500/hour.

15. Appointment of Assistants. The Special Master may hire, subject to the approval of

the Court, any persons reasonably necessary to fulfill his responsibilities. The compensation of any persons shall be on reasonable and customary terms commensurate with the individuals' experience and responsibilities. Prior to hiring any assistant, the Special Master shall notify the parties and provide the parties with information about the proposed assistant, including his or her name, qualification, anticipated scope of work, and hourly rate. Either party may object to any proposed hiring by filing an objection with the Court.

16. Responsibility for Costs. The Court previously found Defendants' conduct necessitated appointment of a Special Master. (ECF No. 292.) Defendants also sought the appointment of a Special Master to oversee compliance. (ECF No. 279.) Accordingly, pursuant to Fed. R. Civ. P. 53(g)(3), unless otherwise ordered by the Court, Defendants shall be responsible for 90 percent of the Special Master's compensation and assistant costs, while Plaintiffs collectively shall cover the remaining 10 percent. The Court finds this distribution to be fair to ensure all parties are invested in prudent and efficient use of the Special Master. Additionally, the Court finds the parties' consent as to the Special Master's scope of duties is sufficiently defined and limited to protect against unreasonable expense.

However, upon a motion by any party before an order fixing compensation, the Court will consider reallocation of the parties' obligations as to Special Master compensation with knowledge of the disputes and the prevailing parties, whether disputes were raised or defended in good faith, and in full view of the record of compliance and the parties' conduct.

17. Limitations on Authority. The Special Master shall not resolve the merits of Plaintiffs' antitrust claims or any issue reserved for trial. The Special Master also shall not order discovery on issues other than Defendants' compliance with the Preliminary Injunction.

The Special Master may not issue contempt sanctions. However, the Special Master may make such recommendations to the Court where appropriate. The Court has exclusive authority to modify or clarify the Preliminary Injunction and to review any compliance finding or order made by the Special Master.

18. Contempt. The Court retains exclusive authority to impose sanctions for noncompliance with the Preliminary Injunction, including contempt sanctions.

19. Amendments. Pursuant to Fed. R. Civ. P. 53(b)(4), this Order may be amended at any time after notice to the parties and an opportunity to be heard or upon the parties' stipulation and approval by the Court.

IT IS SO ORDERED.

Date: August 27, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE