# Exhibit B

ROB BONTA
Attorney General of California
PAULA BLIZZARD (SBN 207920)
Senior Assistant Attorney General
BRENT NAKAMURA (SBN 283572)
Supervising Deputy Attorney General
LAURA ANTONINI (SBN 271658)
ELIZABETH CHEEVER (SBN 341421)
EMILY CURRAN (SBN 293065)
JENNIFER HANE (SBN 275729)
KOMAL K. PATEL (SBN 342765)
CONNIE P. SUNG (SBN 304242)
BRIAN WANG (SBN 284490)
Deputy Attorneys General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Telephone: (415) 510-3487
E-mail: Brian.Wang@doj.ca.gov
*Attorneys for Plaintiff, The State of California*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

**In Re: Nexstar-TEGNA Merger Litigation**

Case No. 2:26-cv-00976-TLN-CKD

**PLAINTIFF STATES' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 250.3 of the Civil Local Rules of the United States District Court for the Eastern District of California, the State of California, State of Colorado, State of Connecticut, State of Illinois, State of Indiana, State of Kansas, Commonwealth of Massachusetts, State of New York, State of North Carolina, State of Oregon, Commonwealth of Pennsylvania, State of Vermont, and Commonwealth of Virginia, by and through their respective Attorneys General (collectively, "Plaintiff States"), submit these responses and objections to Defendants' (collectively, Nexstar Media Group, Inc. and TEGNA Inc.) First Set of Requests for Production to Plaintiff States, dated April 29, 2026 (the "Requests").

## I. PRELIMINARY STATEMENT

1. These responses and objections are based on information presently available to Plaintiff States and are made without prejudice to, and are not a waiver of, Plaintiff States' right to rely on other facts or documents at trial.

2. Plaintiff States will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the units, departments, or subdivisions within the Offices of the Attorney General of each respective Plaintiff State that are responsible for enforcing the laws and claims asserted in this litigation ("State Antitrust Divisions"). This action was brought by Plaintiff States pursuant to their authority to enforce federal antitrust law. This action was not brought by any other public officials, state agencies, or governmental entities; such persons are not parties to this litigation. Plaintiff States are not seeking relief on behalf of other entities in their proprietary capacities. Plaintiff States thus have no obligation, and do not intend, to collect and review information from any other state agencies or entities to respond to these requests. Plaintiff States will not search for, inquire about, or respond with respect to information in the possession, custody, or control of any state agency other than the units, departments, or subdivisions within the Offices of the Attorney General of each respective Plaintiff State that are responsible for enforcing the laws and claims asserted in this litigation. To the extent Defendants seek discovery from non-parties, Defendants must seek such discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure.

3. Plaintiff States note that discovery is ongoing and reserve the right to supplement, clarify, revise, or correct any or all of their responses and objections, and to assert additional objections or privileges, in subsequent supplemental response(s). Where privileged documents are protected by applicable state laws or rules, the fact that Plaintiff States' response does not specifically delineate a state law or rule shall not be deemed to be a waiver of that privilege.

4. Any response or objection by Plaintiff States to a document request is not a representation that responsive documents exist. Where Plaintiff States make an offer of production, such offer means only that responsive documents will be produced if any such documents: (1) exist, (2) can be located during a reasonable search, and (3) are not privileged or otherwise protected from disclosure by any statute governing the confidentiality of documents or the protection of personally identifiable information, or by the attorney-client privilege, the deliberative-process privilege, the official documents privilege, the common-interest or joint-prosecution privilege, the work-product doctrine, and/or any other applicable privilege. Such a search may rely on interviews conducted with potential custodians and discussions with individuals most knowledgeable regarding a Plaintiff State's involvement with the subject matter in each request, in lieu of a search conducted by applying search terms to communications and databases.

5. Any response or objection is not an admission or acknowledgment that a document request calls for information that is relevant to the subject matter of this litigation or proportional to the needs of the case, or that any response would be admissible at any trial.

6. Plaintiff States hereby notify Defendants that the Requests seek information that may be covered by confidential agreements between Plaintiff States and third parties. Plaintiff States are producing documents in accordance with the provisions of the forthcoming Protective Order.

7. By making the accompanying responses and objections to the Requests, Plaintiff States do not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses or documents into evidence in this action, or in any other proceedings, on any grounds, including, but not limited to, competency, relevancy, materiality,

and privilege.

8. For any response where Plaintiff States do not make an offer of production and do not state whether they are withholding documents based on their objections, then pursuant to Federal Rule of Civil Procedure 34(b)(2)(C), Plaintiff States will meet and confer with Defendants regarding the request and the parameters of a search of reasonable scope and will, at an appropriate time, amend these responses and objections to state whether any responsive materials are being withheld.

9. Subject to the above statements, and the objections set forth below, Plaintiff States will produce responsive, non-privileged documents following a meet and confer process in accordance with any schedule set forth by the Court or as agreed among the parties and pursuant to a reasonable search protocol, protective order, and agreement on production of electronically stored information.

## II. GENERAL OBJECTIONS

1. Plaintiff States object to the Requests, including the Definitions and Instructions, to the extent that they seek material that is not in their possession, custody, or control. Plaintiff States will only produce responsive material, if any, that is in the possession, custody, or control of the State Antitrust Divisions that are responsible for enforcing the laws and claims asserted in this litigation.

2. Plaintiff States object to the Requests, including the Definitions and Instructions, to the extent that they attempt to impose any obligation on Plaintiff States that is greater than or different from those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Eastern District of California, or any applicable order of the Court.

3. Plaintiff States object to the Requests, including the Definitions and Instructions, to the extent that they seek documents that are not relevant to this litigation nor proportional to the needs of the case.

4. Plaintiff States object to the Requests, including the Definitions and Instructions,

as overly broad and unduly burdensome to the extent that they purport to require production of "Any" and "All" documents. To the extent that Plaintiff States agree to produce documents in response to the Requests, Plaintiff States will conduct a reasonable search for responsive, non-privileged documents within their possession, custody, and control.

5. Plaintiff States object to the Requests, including the Definitions and Instructions, to the extent that they Request the production of documents that are protected from disclosure by any statute governing the confidentiality of information or by the attorney-client privilege, the deliberative-process privilege, the official information privilege, the common-interest or joint-prosecution privilege, the work-product doctrine, and/or any other applicable privilege. The inadvertent disclosure of documents subject to any privilege or protection is not intended to relinquish, and shall not be deemed a waiver of, any applicable privilege or protection. In the event that a privileged or confidential document is inadvertently produced, Plaintiff States reserve the right to demand the return of any such document and all copies pursuant to Fed. R. Civ. P. 26(b)(5)(B).

6. Plaintiff States object to the Requests, including the Definitions and Instructions, to the extent that they request production of personally identifiable information or information protected by any state or federal privacy provisions. Plaintiff States may redact any personally identifiable information or information protected by any state or federal privacy provisions.

7. Plaintiff States object to the Requests, including the Instructions and Definitions, to the extent that they call for legal conclusions or are predicated on legal conclusions.

8. Plaintiff States object to the Requests, including the Definitions and Instructions, to the extent that they seek a duplicative production of any material that is already in Defendants' or their counsel's possession or that is otherwise equally available to Defendants or their counsel.

9. Plaintiff States object to the Requests, including the Definitions and Instructions, to the extent that they seek a duplicative production of any material already produced or expected to be produced by another party to this litigation or a non-party that has been served with a subpoena pursuant to Fed. R. Civ. P. 45. Plaintiff States will not produce any documents that Defendants have obtained or will obtain from another party to this litigation or from a non-party

subject to a Rule 45 subpoena.

10. Plaintiff States object to the Requests, including the Definitions and Instructions, to the extent that they impermissibly (a) seek the premature and non-reciprocal disclosure of trial experts, expert information, and expert materials not subject to discovery under the Rules of Civil Procedure, or (b) require Plaintiff States to set forth factual analyses or theories that may be subject to expert testimony. In accordance with the Rules of Civil Procedure, Plaintiff States reserve the right to introduce evidence not yet identified herein supporting the allegations. Plaintiff States will disclose trial experts and produce expert information according to the schedule ordered by the Court.

11. Plaintiff States expressly incorporate these general objections into each response below. A response may repeat any of the general objections for emphasis or otherwise. The failure to repeat any of the general objections in a particular response does not waive any of these objections.

12. Plaintiff States are willing to meet and confer about any of the general and specific objections made to any Request.

## III. OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Plaintiff States object to the definition of "Action" as factually incorrect, vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case because the definition, as stated, purports to reach *DIRECTV, LLC v. Nexstar Media Group Inc. et al.*, No. 2:26-cv-00976-TLN-CKD pre-consolidation, which is beyond the scope of Plaintiff States' litigation.

2. Plaintiff States object to the definition of "Complaint" as factually incorrect, vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case because the definition, as stated, purports to reach *DIRECTV, LLC v. Nexstar Media Group Inc. et al.*, No. 2:26-cv-00976-TLN-CKD pre-consolidation and complaints not filed by Plaintiff States post-consolidation, which are beyond the scope of Plaintiff States' litigation.

3. Plaintiff States object to the definition of "Consumer" as vague, overbroad, and

unduly burdensome. Plaintiff States will construe "Consumer" in a manner consistent with Plaintiff States' First Amended Complaint and other pleadings.

4. Plaintiff States object to the definition of "Distribution" as vague, overbroad, and unduly burdensome. Plaintiff States will construe "Distribution" in a manner consistent with Plaintiff States' First Amended Complaint and other pleadings.

5. Plaintiff States object to the definitions of "Including," "Relating to," "Related to," "Relates to," "Concerning," and "Regarding" as overbroad and unduly burdensome. The definitions, as stated, purport to call for information that is not relevant to any claim or defense in this matter or is not proportional to the needs of the case given the significant burden production would impose on Plaintiff States and the minimal utility responsive materials, if any, would offer Defendants. Plaintiff States define these terms to mean "directly discussing."

6. Plaintiff States object to the definitions of "Investigation Materials." The definition, as stated, purport to include materials "produced by a Party or a Non-party during any Investigation relating to the Transaction," which is vague, overbroad, and unduly burdensome, and calls for information that is not relevant to any claim or defense in this matter or is not proportional to the needs of the case. Plaintiff States further object to the extent the definition includes documents or information that constitute or reflect attorney work product, contain or reflect attorney-client communications, is protected by the deliberative-process privilege, or are otherwise protected from disclosure by any other privilege, including the common interest privilege. Plaintiff States define this term to mean Plaintiff States' investigative file.

7. Plaintiff States object to the definitions of "Party," "Plaintiff," "You," "Your," and "State" as vague, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff States further object to Defendants' inclusion of DIRECTV as part of the definition of "Plaintiff," "You," and "Your" as factually incorrect. This action was brought by Plaintiff States pursuant to their statutory authority to enforce federal antitrust laws. Plaintiff States' action was not brought by any other public officials, state agencies, or governmental entities, or by DIRECTV; such persons, agencies, and entities are not parties to Plaintiff States' case. Plaintiff States are not seeking relief on behalf of any other entities in their proprietary capacities. It would

be unduly burdensome and unreasonable for Plaintiff States to collect, review, and produce documents from any other entity. Plaintiff States will construe "Party," "Plaintiff," "You," "Your," and "State" to refer to the State Antitrust Divisions within the Offices of the Attorney General of each respective Plaintiff State that are responsible for enforcing the laws and claims asserted in this litigation.

8. Plaintiff States object to the definition of "Relevant Time Period" (January 1, 2016 to the present). This time period is overbroad, unduly burdensome, and seeks documents that are not relevant to any party's claim or defense in this litigation and not proportional to the needs of this case. Unless otherwise stated, any searches conducted and documents produced pursuant to the Requests will be limited to the time period of **August 19, 2025** to **March 18, 2026**, which is the time period between Defendants' public announcement of the Transaction and the filing of Plaintiff States' Initial Complaint.

9. Plaintiff States object to the definition of "Retransmission" to the extent it includes vMVPDs.

10. Plaintiff States object to the definition of "Retransmission Consent Fees" to the extent it includes vMVPDs.

11. Plaintiff States object to the definition of "Streaming Service" as vague, overbroad, and unduly burdensome. Plaintiff States will construe "Streaming Service" in a manner consistent with Plaintiff States' First Amended Complaint and other pleadings.

12. Plaintiff States object to the definition of "Subscriber" as vague, overbroad, and unduly burdensome. Plaintiff States will construe "Subscriber" in a manner consistent with Plaintiff States' First Amended Complaint and other pleadings.

13. Plaintiff States object to the definition of "Subscription Packages" as vague, overbroad, and unduly burdensome. Plaintiff States will construe "Subscription Packages" in a manner consistent with Plaintiff States' First Amended Complaint and other pleadings.

14. Plaintiff States object to Instruction 2 to the extent that it seeks evidence that is not relevant to any claims or defenses in this litigation and not proportional to the needs of this case. Plaintiff States further object to Instruction 2 as overbroad and unduly burdensome.

15. The Plaintiff States object to Instruction 3 requiring the Plaintiff States to provide information about non-existent documents to the extent that it purports to impose burdens on the Plaintiff States beyond those established in the Federal Rules of Civil Procedure.

16. Plaintiff States object to Instruction 6 to the extent that it suggests that a failure to object will constitute a waiver. Plaintiff States reserve the right to supplement their responses and objections to the Requests and to assert any applicable privileges.

17. The Plaintiff States object to Instructions 7, 8, 9, and 10 to the extent they conflict with the ESI protocol to be agreed upon by the Parties.

18. Plaintiff States object to Instruction 11 to the extent that it seeks evidence that is not relevant to any claims or defenses in this litigation and not proportional to the needs of this case. Plaintiff States further object to Instruction 11 as overbroad and unduly burdensome.

## IV. <u>RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS</u>

1. REQUEST FOR PRODUCTION NO. 1

*All Documents relating to any pre-suit Investigation You conducted concerning the Transaction, Including all Investigation Materials.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action, (2) seeks documents that are not within the possession, custody, or control of the State Antitrust Divisions, and/or (3) seeks documents equally available to Defendants. Plaintiff States will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the State Antitrust Divisions and not duplicative of investigation materials produced by Defendants or communications between Plaintiff States and Defendants during the course of the investigation.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, or any Scheduling Order or Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents … concerning" the Transaction. The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

To the extent that responsive documents exist beyond the investigative file, documents will be withheld on the basis of the forgoing objections.

Subject to and without waiving the foregoing objections, Plaintiff States will produce non-privileged, non-work product, non-duplicative documents in the possession, custody, or control of the State Antitrust Divisions, if any, that are responsive to this Request. For clarity, this production will not include investigation materials produced by Defendants or communications between Plaintiff States and Defendants during the course of investigation. Plaintiff States are producing documents in accordance with the provisions of the forthcoming Protective Order.

2. REQUEST FOR PRODUCTION NO. 2

*All Documents relating to any non-governmental sources of funding, reimbursement, or in-kind support You sought, used, or were offered to investigate or challenge the Transaction.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than

Plaintiff States is a party to Plaintiff States' action, (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions, and (3) seeks documents that are not relevant to any claim or defense in this matter or is not proportional to the needs of the case.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents" related to non-governmental sources of funding, reimbursement, or in-kind support. The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to the terms "non-governmental," "sources," "funding," "reimbursement," or "in-kind support" on the grounds that they are vague and ambiguous.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

3. REQUEST FOR PRODUCTION NO. 3

*All Documents relating to any communications about the Transaction You had internally or with: (a) the DOJ; (b) the FCC; (c) any members of Congress, congressional offices, or congressional committees or subcommittees; (d) the White House; and (e) any other federal or state agencies, legislative bodies, or public officials.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute

governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request to the extent that it calls for documents received from and communications with other law enforcement agencies, including but not limited to any state law enforcement agency, the Federal Communications Commission, the United States Department of Justice, the United States Congress, the President of the United States, or any foreign government agency or authority, that are subject to a confidentiality agreement, privilege, or otherwise protected from disclosure. Plaintiff States will withhold any such documents.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents," "relating to any communication about" the Transaction. The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States do not intend to search for, collect, review, and produce any information or

documents responsive to this Request.

4. REQUEST FOR PRODUCTION NO. 4

*All Documents relating to any contention by You that the DOJ's or FCC's review and/or approval of the Transaction was affected by irregular procedure, political influence, or other defect.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions. Plaintiff States will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request to the extent that it calls for documents received from and communications with other law enforcement agencies, including but not limited to any state law enforcement agency, the Federal Communications Commission, the United States Department of Justice, the United States Congress, the President of the United States, or any foreign government agency or authority, that are subject to a confidentiality agreement, privilege, or otherwise protected from disclosure. Plaintiff States will withhold any such documents.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents," "relating to any contention" about aspects of the DOJ's or FCC's review of the Transaction. The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "irregular procedure," "political influence," or "defect" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States object to this Request to the extent that it is duplicative of Request No. 1.

Subject to and without waiving the foregoing objections, Plaintiff States respond that they are willing to meet and confer with Defendants regarding the scope of a potential production, if any, in response to this Request, in the event that responsive, non-duplicative, non-privileged, non-work product materials are unavailable from the DOJ or the FCC, and/or a public source.

5. REQUEST FOR PRODUCTION NO. 5

*All Documents relating to any product markets or geographic markets relating to the Transaction.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff

States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to any product markets or geographic markets." The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

6. REQUEST FOR PRODUCTION NO. 6

*All Documents relating to sources for content available on Big Four Affiliates that do not require Retransmission Consent Agreements.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are

protected by any of the above privileges.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to..." The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the term "sources for content available" on the grounds that it is vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

7. REQUEST FOR PRODUCTION NO. 7

*All Documents relating to any Market-Share, Merged-Share, or Concentration Calculation You reviewed, considered, or relied on relating to the Transaction, Including: (a) the preparation or testing of any such calculation; (b) the use of Retransmission Consent Fee data in any such calculation; (c) the use of ratings, audience, or similar data, Including data from ComScore and Nielsen, in any such calculation; and (d) any assumptions or adjustments used in any such calculation.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to the terms "reviewed, considered, or relied on," "preparation or testing," "ratings, audience, or similar data," and "assumptions or adjustments" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

8. REQUEST FOR PRODUCTION NO. 8

*All Documents relating to any impact the Transaction would have on: (a) Nexstar's bargaining position during negotiations of Retransmission Consent Agreements;(b) Retransmission Consent Fees; and (c) the impact of a single Person owning more than one Big Four Affiliate in a DMA on Retransmission Consent Fees.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to

identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms “any impact” and “bargaining position” on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

9. REQUEST FOR PRODUCTION NO. 9

*All Documents relating to any Blackouts during the Relevant Time Period, Including: (a) the frequency, duration, and reason for each Blackout; and (b) any purported harm sustained as a result of any Blackout by Subscribers, Consumers, MVPDs, vMVPDs, Broadcasters, Nexstar, or TEGNA.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are

protected by any of the above privileges.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "reason for" and "purported harm sustained" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

10. REQUEST FOR PRODUCTION NO. 10

*All Documents relating to any impact the Transaction is likely to have on the duration, extent, or frequency of Blackouts.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "any impact," "likely to have," and "duration, extent, or frequency" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

11. REQUEST FOR PRODUCTION NO. 11

*All Documents relating to the impact on Retransmission Consent Fees of any of the following: (a) Cord Cutting; (b) vMVPDs; (c) Streaming Services; (d) DTC Services; (e) any alternative Distributor to Local Broadcast Stations; and (f) any alternative to Big Four Affiliates.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent

that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "impact" and "any alternative" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

12. REQUEST FOR PRODUCTION NO. 12

*All Documents relating to any geographic variation in Retransmission Consent Fees.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the term "geographic variation" on the grounds that it is vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

13. REQUEST FOR PRODUCTION NO. 13

*All Documents relating to Consumer demand for Local Broadcast Programming, Including Local News.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are

protected by any of the above privileges.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the term "demand for" on the grounds that it is vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

14. REQUEST FOR PRODUCTION NO. 14

*All Documents relating to factors that affect the quantity, quality, or variety of Local Broadcast Programming, Including Local News.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "factors," "affect," and "quantity, quality, or variety" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

15. REQUEST FOR PRODUCTION NO. 15

*All Documents relating to any impact the Transaction would have on the quantity, quality, or variety of Local Broadcast Programming, Including Local News, as well as any impact on newsroom operations or employment.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to the Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent

that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "impact," "quantity, quality, or variety," and "newsroom operations or employment" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

16. REQUEST FOR PRODUCTION NO. 16

*All Documents relating to the impact of newsroom consolidation or shared infrastructure between two or more Broadcasters on the quantity, quality, or variety of Local Broadcast Programming, Including Local News.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "impact," "newsroom consolidation," "shared infrastructure," and "quantity, quality, or variety" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

17. REQUEST FOR PRODUCTION NO. 17

*All Documents relating to any analyses, studies, or investigations into how many Local News organizations a local geographic market can support.*

Plaintiff States object to this Request to the extent that it seeks information protected from

disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "analyses, studies, or investigations," "Local News organizations," and "how many … can support" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

18. REQUEST FOR PRODUCTION NO. 18

*All Documents relating to any allegations by You that Nexstar has: (a) closed any newsroom or terminated operations for producing Local News; or (b) exerted control over the editing or content of Local News from Local Broadcast Stations that it owns.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility that Defendants might obtain, if any.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent

that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "allegations," "closed any newsrooms," "terminated operations," "exerted control," "editing," and "content" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

19. REQUEST FOR PRODUCTION NO. 19

*All Documents relating to the factual basis on which each State claims standing, Including any alleged harm to citizens of any State that would result from the Transaction.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions. Plaintiff States will produce responsive documents only to the extent that such documents are in the possession, custody, or

control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility Defendants might obtain, if any.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "factual basis," "standing," and "alleged harm" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States object to this Request to the extent that it is duplicative of Request No. 1.

Subject to and without waiving the foregoing objections, Plaintiff States will produce non-privileged, non-work product, non-duplicative documents in the possession, custody, or control of the State Antitrust Divisions, if any, that are responsive to this Request. Plaintiff States are producing documents in accordance with the provisions of the forthcoming Protective Order.

20. REQUEST FOR PRODUCTION NO. 20

*All Documents relating to communications with Your constituents relating to the Transaction.*

Plaintiff States object to this Request to the extent that it seeks information protected from

disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions. Plaintiff States will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "communications" and "constituents" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request to the extent that it is duplicative of Request No. 1.

Subject to and without waiving the foregoing objections, Plaintiff States will produce non-

privileged, non-work product, non-duplicative documents in the possession, custody, or control of the State Antitrust Divisions, if any, that are responsive to this Request. Plaintiff States are producing documents in accordance with the provisions of the forthcoming Protective Order.

21. REQUEST FOR PRODUCTION NO. 21

*All Documents relating to the number, share, or categories of citizens in each State allegedly affected by the Transaction.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly

available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "number, share, or categories of citizens" and "allegedly affected" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

22. REQUEST FOR PRODUCTION NO. 22

*All Documents relating to Local News, competition, or consumer analyses You conducted relating to the Transaction.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling

Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility if any, Defendants might obtain.

Plaintiff States object to the terms "competition," "consumer analyses," and "conducted" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

23. REQUEST FOR PRODUCTION NO. 23

*All Documents relating to the impact the Transaction would have on Fees charged to citizens of any State for Distribution services.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "impact" and "would have" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States do not intend to search for, collect, review, and produce any information or

documents responsive to this Request.

24. REQUEST FOR PRODUCTION NO. 24

*All Documents relating to any communications or coordination with DIRECTV, Newsmax, Christopher Ruddy, or any Non-party about the Transaction, the Investigation, this Action, any expert analyses, any declarations, or any requested relief.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions. Plaintiff States will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent

that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "communications," "coordination," "expert analyses," "declaration," and "requested relief" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request to the extent that it is duplicative of Request No. 1.

Subject to and without waiving the foregoing objections, Plaintiff States will produce non-privileged, non-work product, non-duplicative documents in the possession, custody, or control of the State Antitrust Divisions, if any, that are responsive to this Request. Plaintiff States are producing documents in accordance with the provisions of the forthcoming Protective Order.

25. REQUEST FOR PRODUCTION NO. 25

*All Documents relating to press strategy, media outreach, or public messaging about the Transaction or this Action.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "press strategy," "media outreach," and "public messaging" on the grounds that they are vague and ambiguous.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

26. REQUEST FOR PRODUCTION NO. 26

*All Documents relating to any political campaign contributions, donations, fundraising support, or other political contributions made by DIRECTV or any MVPD in the past 5 years to (a) any special interest groups, Political Action Committees ("PACs"), or similar organizations; (b) Rob Bonta, Phil Weiser, William Tong, Kwame Raoul, Letitia James, Jeff Jackson, Dan Rayfield, or Dave Sunday, or any additional States' Attorney General; (c) any gubernatorial campaign for any gubernatorial candidate or Governor of the States; or (d) any committees or organizations formed to support any of these Persons.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than

Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "political campaign contributions, donations, fundraising support, or other political contributions," "special interest groups," "similar organizations," and "committees or organizations formed to support" on the grounds that they are vague and ambiguous.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

27. REQUEST FOR PRODUCTION NO. 27

*All Documents relating to any surveys, consumer research, or market research considered, used, reviewed, or referenced in this Action.*

Plaintiff States object to this Request to the extent that it seeks information protected from

disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "surveys, consumer research, or market research" and "considered, used, reviewed, or referenced" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the

completion of discovery, for information other than the basis for the allegations at the time the Initial Complaint was filed.

Plaintiff States object to this Request to the extent it calls for a legal conclusion.

Plaintiff States object to this Request to the extent that it is duplicative of Request No. 1.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

28. REQUEST FOR PRODUCTION NO. 28

*All Documents relating to the allegations in Your Complaint about the purported impact of the Transaction on competition, Consumers, and Local News.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions. Plaintiff States will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to

identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "purported impact" and "competition" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States object to this Request to the extent that it is duplicative of Request No. 1.

Subject to and without waiving the foregoing objections, Plaintiff States will produce non-privileged, non-work product, non-duplicative documents in the possession, custody, or control of the State Antitrust Divisions, if any, that are responsive to this Request. Plaintiff States are producing documents in accordance with the provisions of the forthcoming Protective Order.

29. REQUEST FOR PRODUCTION NO. 29

*All Documents relating to the allegations in Your Complaint about Nexstar's purported conduct, strategies, or goals.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than

Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions. Plaintiff States will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "purported" and "conduct, strategies, or goals" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States object to this Request to the extent that it is duplicative of Request No. 1.

Subject to and without waiving the foregoing objections, Plaintiff States will produce non-privileged, non-work product, non-duplicative documents in the possession, custody, or control of

the State Antitrust Divisions, if any, that are responsive to this Request. Plaintiff States are producing documents in accordance with the provisions of the forthcoming Protective Order.

30. REQUEST FOR PRODUCTION NO. 30

*All Documents relating to the allegations in Your Complaint about the purported causes and impacts of Blackouts.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions. Plaintiff States will produce responsive documents only to the extent that such documents are in the possession, custody, or control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents relating to…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent

that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "purported" and "causes and impacts" on the grounds that they are vague and ambiguous.

Plaintiff States object to this Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States object to this Request to the extent that it is duplicative of Request No. 1.

Subject to and without waiving the foregoing objections, Plaintiff States will produce non-privileged, non-work product, non-duplicative documents in the possession, custody, or control of the State Antitrust Divisions, if any, that are responsive to this Request. Plaintiff States are producing documents in accordance with the provisions of the forthcoming Protective Order.

31. REQUEST FOR PRODUCTION NO. 31

*All Documents that You plan to use or admit into evidence at any hearing in this Action.*

Plaintiff States object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the deliberative process privilege, the common interest privilege, the attorney work product doctrine, and/or any other applicable privilege or any statute governing the confidentiality of information. Plaintiff States will withhold documents that are protected by any of the above privileges.

Plaintiff States object to this Request to the extent it (1) assumes that any entity other than Plaintiff States is a party to Plaintiff States' action and (2) seeks documents that are not within the possession, custody, and control of the State Antitrust Divisions.

Plaintiff States object to this Request to the extent that it seeks to impose on Plaintiff States obligations inconsistent with those set forth under the Federal Rules of Civil Procedure, the Eastern District of California's Civil Local Rules, the forthcoming Protective Order, Scheduling

Order, or any other Order regarding discovery.

Plaintiff States object to this Request to the extent that it exceeds the requirements imposed by the Federal Rules of Civil Procedure or any Local Rule or court Order.

Plaintiff States object to this Request as vague, overbroad, unduly burdensome, and as seeking work product, because it asks for "All Documents…" The Request fails to identify the documents sought with reasonable particularity and thus is not proportional to the needs of the case, because the significant burden the Request would impose on Plaintiff States far outweighs the minimal utility, if any, Defendants might obtain.

Plaintiff States object to this Request as unduly burdensome and overly broad to the extent that it calls for documents and information equally available to Defendants, including publicly available documents and information, since, under Rule 26(b)(2)(C)(i), such information is obtainable from another source that is more convenient, less burdensome, and/or less expensive.

Plaintiff States object to the terms "use or admit" and "any hearing" on the grounds that they are vague and ambiguous.

Plaintiff States object to the Request as premature to the extent it seeks information that will be the subject of expert discovery. Expert discovery has not yet commenced and will be governed by a future Order regarding expert discovery.

Plaintiff States object to this Request as premature to the extent it asks, prior to the completion of discovery, for information other than the basis for the allegations at the time the complaint was filed.

Plaintiff States object to this Request to the extent that it calls for a legal conclusion.

Plaintiff States object to this Request to the extent that it is duplicative of Request No. 1.

Plaintiff States do not intend to search for, collect, review, and produce any information or documents responsive to this Request.

Dated: June 2, 2026

BY:

FOR PLAINTIFF STATE OF CALIFORNIA:

ROB BONTA
Attorney General of California

/s/ *Brian Wang*
Brian Wang (SBN 284490)
Deputy Attorney General

Paula Blizzard (SBN 207920)
Senior Assistant Attorney General
Brent Nakamura (SBN 283572)
Supervising Deputy Attorney General
Laura Antonini (SBN 271658)
Elizabeth Cheever (SBN 341421)
Emily Curran (SBN 293065)
Jennifer Hane (SBN 275729)
Komal K Patel (SBN 342765)
Connie P. Sung (SBN 304242)
Deputy Attorneys General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7014
Telephone: (415) 510-3765
Email: Brian.Wang@doj.ca.gov

s/ *Shaoul Sussman*
Shaoul Sussman (*Admitted Pro Hac Vice*)
Nico Gurian (*Admitted Pro Hac Vice*
Victoria M. O. Field (*Admitted Pro Hac Vice*)
Paul M. Goodrich (*Admitted Pro Hac Vice*)
Simonsen Sussman LLP
307 W. 38th St., 16th Fl.
New York, NY 10018
Telephone: (646) 693-3929
Email: shaoul@simonsensussman.com
nico.gurian@simonsensussman.com
victoria.field@simonsensussman.com
paul.goodrich@simonsensussman.com

Catherine S. Simonsen (SBN 307325)
Thomas G. Mattes (SBN 355010)
Simonsen Sussman LLP
418 Bamboo Ln., Suite C-18
Los Angeles, CA 90012
Telephone: (917) 747-5196
Email: catherine@simonsensussman.com
thomas.mattes@simonsensussman.com

Nicolas A. Stebinger (*Admitted Pro Hac Vice*)
Victoria R. Sims (*Admitted Pro Hac Vice*)
Simonsen Sussman LLP

1629 K St. NW, Suite 300
Washington, DC 20006
Telephone: (202) 384-3130
Email: nicolas@simonsensussman.com
victoria.sims@simonsensussman.com

FOR PLAINTIFF STATE OF COLORADO:

PHILIP J. WEISER
Attorney General

*/s/ Bryn Williams*

Bryn A. Williams
First Assistant Attorney General
Jonathan B. Sallet (*Admitted pro hac vice*)
Special Assitant Attorney General
Robin Alexander (*Admitted pro hac vice*)
Assistant Attorney General
Amy Bowles (*Admitted pro hac vice*)
Assistant Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: 702- 508-6000
Email: Bryn.Williams@coag.gov
Jon.Sallet@coag.gov
Robin.Alexander@coag.gov
Amy.Bowles@coag.gov

*Attorneys for Plaintiff State of Colorado*

FOR PLAINTIFF STATE OF CONNECTICUT:

WILLIAM TONG
Attorney General of Connecticut

NICOLE DEMERS
Deputy Associate Attorney General
(*Admitted pro hac vice*)

*/s/ Julián A. Quiñones Reyes*

Julián A. Quiñones (*Admitted pro hac vice*)
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106

Telephone: 860-808-5030
Email: Julian.Quinones@ct.gov

*Attorney for Plaintiff State of Connecticut*

FOR PLAINTIFF STATE OF ILLINOIS:

KWAME RAOUl
Attorney General of Illinois

*/s/ Paul J. Harper*
Paul J. Harper (*Admitted pro hac vice*)
Supervising Attorney, Antitrust Bureau

Elizabeth L. Maxeiner (*Admitted pro hac vice*)
Chief, Antitrust Bureau
John R. Milligan (*Admitted pro hac vice*)
Daniel R. Betancourt (*Admitted pro hac vice*)
Assistant Attorneys General
Office of the Attorney General of Illinois
115 S. LaSalle Street
Chicago, Illinois 60603
Telephone: (312) 814-1004
Email: Paul.Harper@ilag.gov

*Attorneys for Plaintiff State of Illinois*

THEODORE E. ROKITA
Attorney General of Indiana

*/s/ Scott L. Barnhart*
Scott L. Barnhart, Att. No.25474-82
Chief Counsel and Director of Consumer Protection
(*Admitted pro hac vice*)
Jesse Moore, Atty. No. 37654-49
Deputy Attorney General (*Admitted pro hac vice*)
Jacob Patterson, Atty. No. 38302-29
Deputy Attorney General (*Admitted pro hac vice*)

OFFICE OF INDIANA ATTORNEY GENERAL
TODD ROKITA
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN 46204
Telephone: 317-232-4956
Fax: 317-232-7979
Email: Jesee.Moore@atg.in.gov

*Counsel for Plaintiff State of Indiana*

FOR PLAINTIFF STATE OF KANSAS

KRIS KOBACK
Attorney General of Kansas

*/s/ John Harris*
John Harris (*Admitted pro hac vice*)
Assistant Attorney General
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
Telephone: 785-296-2215
Email: John.Harris@ag.ks.gov

*Attorney for Plaintiff State of Kansas*

FOR PLAINTIFF COMMONWEALTH OF MASSACHUSETTS:

ANDREA JOY CAMPBELL
Attorney Genaral of Massachusetts

*/s/ Anthony W. Mariano*
Anthony W. Mariano (*Admitted pro hac vice*)
Chief, Antitrust Division
Jennifer E. Greaney (*Admitted pro hac vice*)
Deputy Chief, Antitrust Division
Office of the Massachusetts Attorney General
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
Telephone: 781-835-7990
Email: Anthony.Mariano@mass.gov

*Attorneys for Plaintiff Commonwealth of Massachusetts*

FOR PLAINTIFF STATE OF NEW YORK:

LETITIA JAMES
Attorney General of New York

*/s/ Elinor R. Hoffmann*
Elinor R. Hoffmann (*Admitted pro hac vice*)
Chief, Antitrust Division
Christopher D' Angelo (*Admitted pro hac vice*)
Deputy Chief Attorney General
Economic Justice Division
Amy McFarlane (*Admitted pro hac vice*)
Deputy Chief, Antitrust Bureau
Morgan Feder (*Admitted pro hac vice*)
Assistant Attorney General, Antitrust Bureau
New York State Office of the Attorney General

28 Liberty Street
New York, NY 10005
Elinor.Hoffmann@ag.ny.gov | 212-416-8269
Christopher.D'Angelo@ag.ny.gov | 212-416-6124
Amy.McFarlane@ag.ny.gov | 212-416-6195
Morgan.Feder@ag.ny.gov | 212-416-8288

*Attorneys for Plaintiff State of New York*

FOR PLAINTIFF STATE OF NORTH CAROLINA

JEFF JACKSON
Attorney general of North Carolina

KUNAL CHOKSI (*Admitted pro hac vice*)
Senior deputy attorney general

*/s/ Francisco Benzoni*
Francisco Benzoni (*Admitted pro hac vice*)
Special Deputy Attorney General
Brian Rabinovitz (*Admitted pro hac vice*)
Director of Major Litigation for Consumer Protection
114 W. Edenton Street
Raleigh, NC 27603
Telephone: 919-716-6000
Email: Fbenzoni@ncdoj.gov
Brabinovitz@ncdoj.gov

*Attorneys for Plaintiff State of North Carolina*

FOR PLAINTIFF STATE OF OREGON:

DAN RAYFIELD
Attorney General of Oregon

*/s/ Alex DeLorenzo*
Timothy D. Smith (*Admitted pro hac vice*)
Attorney-in-Charge
Ian Van Loh (SBN 280254)
Alex DeLorenzo (*Admitted pro hac vice*)
Senior Assistant Attorneys General
Economic Justice Section
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tim.Smith@doj.oregon.gov | 503-798-3297
Ian.Vanloh@doj.oregon.gov | 971-239-7457
Alex.Delorenzo@doj.oregon.gov | 503-428-9482

*Attorneys for Plaintiff State of Oregon*

FOR PLAINTIFF COMMONWEALTH OF PENNSYLVANIA:

DAVID W. SUNDAY, JR.
Attorney General of Pennsylvania

*/s/ Tracy W. Wertz*
Tracy W. Wertz (*pro hac vice forthcoming*)
Chief Deputy Attorney General
Antitrust Section
Email: twertz@attorneygeneral.gov

*/s/ Joseph S. Betsko*
Joseph S. Betsko (*pro hac vice forthcoming*)
Assistant Chief Deputy Attorney General
Antitrust Section
Email: jbetsko@attorneygeneral.gov

Jennifer A. Thomson (*pro hac vice forthcoming*)
Senior Deputy Attorney General
Antitrust Section
Email: jthomson@attorneygeneral.gov

Pennsylvania Office of Attorney General
Strawberry Square, 14th Floor
Harrisburg, PA 17120
Phone: 717-787-4530

*Attorneys for Plaintiff Commonwealth of Pennsylvania*

FOR PLAINTIFF STATE OF VERMONT:

CHARITY R. CLARK
Attorney General of Vermont

*/s/ Sarah L. J. Aceves*
Sarah L. J. Aceves (*Pro Hac Vice forthcoming*)
Assistant Attorney General
Public Protection and Antitrust Unit
Office of the Attorney General of Vermont
109 State Street
Montpelier, VT 05676
sarah.aceves@vermont.gov
(802) 828-3170

*Attorney for Plaintiff State of Vermont*

FOR PLAINTIFF COMMONWEALTH OF VIRGINA

JAY JONES
Attorney General of Virginia

*/s/ Tyler T. Henry*
Tyler T. Henry (*Admitted pro hac vice*)
Senior Assistant Attorney General
Antitrust Unit
Office of the Attorney General of Virginia
202 North 9th Street
Richmond, Virginia 23219
Telephone: 804-692-0485
Email: THenry@oag.state.va.us

*Attorneys for the Plaintiff Commonwealth of Virginia*

## DECLARATION OF ELECTRONIC SERVICE

Case Name: ***In Re: Nexstar-TEGNA Merger Litigation***

Case No.: ***2:26-cv-00976-TLN-CKC***

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. My business address is: 300 South Spring Street, Suite 1702, Los Angeles, CA 90013-1230. My electronic service address is Rosaura.Gutierrez@doj.ca.gov. On June 2, 2026, I served the following documents:

- **PLAINTIFF STATES' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

on all counsel of record by transmitting true copies of the above by electronic mail addressed to their counsel of record.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 2, 2026, at Los Angeles, California.

| Rosaura Gutierrez | */s/ Rosaura Gutierrez* |
| --- | --- |
| Declarant | Signature |