# Exhibit F

CALIFORNIA
DEPARTMENT OF JUSTICE

**Rob Bonta**
***Attorney General***

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004
Public: (415) 510-4400
E-Mail: Brian.Wang@doj.ca.gov

July 21, 2026

***Sent Via Email***
Bradley Lui
2100 L Street NW Suite 900
Washington, DC 20057
BLui@mofo.com

RE: In re Nexstar-TEGNA Merger Litigation, No. 2:26-cv-00976

Dear Counsel:

This letter is in response your letters dated July 1, July 7, and July 13, 2026 regarding Plaintiff States' Responses and Objections (R&Os) to Defendants' First Set of Requests for Production (RFPs).

1. **The bounds of discovery are governed by relevance, burden, and privileges, not symmetry.**

Discovery is not a one-way street, but discovery is also not a blank check. Discovery is limited to non-privileged matter relevant to a claim or defense and proportional to the needs of the case, and courts must prevent discovery from imposing undue burden or invading applicable privileges. Fed. R. Civ. P. 26(b). There is no discovery doctrine that requires symmetry among the parties, and you have not cited any cases in support of your allegation that opposing parties in very different positions must nevertheless use the same relevant time period for purposes of discovery.

2. **Plaintiff States' investigative files from other cases are irrelevant to the claims and defenses in this matter, are protected and privileged material, and any request to search those files would impose an impermissible burden.**

Federal Rule of Civil Procedure 26(b)(1) states discovery must be relevant to a party's claim or defense, not merely to the broad subject matter, a possible future claim, or a collateral purpose. The post-2015 amendments also delete the "reasonably calculated to lead to admissible evidence" language, further reinforcing the core concept that discovery is bounded and should not be a fishing expedition. *See Pizzuto v. Tewalt*, 136 F.4th 855, n.6 (9th Cir. 2025). The party propounding discovery bears the burden of showing relevance. *See, e.g, Id. at* 872 (9th Cir. 2025), *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 677–79 (9th Cir. 2018).

During a meet and confer, Defendants' counsel insisted they were entitled to materials prior to the Parties' announcement of the transaction on August 19, 2025 that were not used in the course of *this* investigation if such materials somehow related to various substantive topics in

Defendants' RFPs (*e.g.*, RFP Nos. 5 and 7 (product and geographic market, market shares) and 8-11 (retransmission consent fees, blackouts). At no point in your letter do you detail how files from Plaintiff States' other investigations are relevant to any specific claim or defense in this case. Broad statements like "documents from other investigations, such as Connecticut's review of Charter's acquisition of Cox, may contain relevant information regarding Spectrum's retransmission consent agreements and whether Defendants' merger would impact residents in the Hartford-New Haven, Connecticut DMA, as Plaintiff States allege" or "[i]nformation about the historic dynamics of blackouts-including information predating this Transaction-is plainly relevant" are not sufficient because they do not explain how that information, even if it exists and is not privileged, can be specifically applied to a claim or defense in this case.

Courts have routinely rejected attempts by antitrust defendants to access files from other investigations, especially when the use of those files would be for some sort of "discriminatory enforcement" claim, which is expressly disallowed: "[t]hat the government failed to prosecute civil antitrust actions to divest other industry acquisitions is in and of itself irrelevant because [defendant]'s purported defense of 'discriminatory enforcement' is, as a matter of law, no defense." *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 657-60 (6th Cir. 1976) (vacating the district court's dismissal of the government's privilege claim and remanding the discovery order for further consideration and specifically finding that "we view the work product doctrine as protecting work produced in anticipation of other litigation"), *cf. People v. Superior Ct. (Lyons Buick-Opel-GMC, Inc.)*, 70 Cal. App. 3d 341, 344 (Cal. Ct. App. 1977) (finding "[p]rosecutorial discretion permits the choice among possible defendants which to prosecute, whether to prosecute, and in what order to prosecute" and "absent some substantial and credible showing of invidious discrimination, disclosure of official investigative material is against the public interest"); *see also Moog Indus. v. FTC*, 355 U.S. 411 (1958), *FTC v. Universal-Rundle Corp.*, 387 U.S. 244 (1967), *United States v. AT&T Inc.*, 290 F. Supp. 3d 1 (D.D.C. 2018), *United States v. Google, LLC*, 692 F. Supp. 3d 583 (E.D. Va. 2023) (all rejecting discriminatory enforcement-type defenses).

In addition, even assuming that our other investigative files are relevant to this case (and they are not), Plaintiff States' investigative files are protected by a multitude of privileges and doctrines, including the attorney-client privilege, the attorney work product doctrine, the official information privilege, and/or the deliberative process privilege. *See, e.g.*, *Leggett*, 542 F.2d at 660 (work product doctrine), *In re Generic Pharmaceuticals Antitrust Pricing Litigation*, MDL No. 2724, Dkt. 2824, at 1 (E.D. Pa. Feb. 6, 2024) (work product doctrine), *Heggestad v. U.S. Dep't of Just.*, 182 F. Supp. 2d 1, 10–11 (D.D.C. 2000) (deliberative process privilege), *United States v. US Airways Grp., Inc.*, No. 13-CV-1236 (CKK), 2013 WL 12341599, at *15 (D.D.C. Oct. 10, 2013) (deliberative process privilege and work product doctrine), *United States v. Fernandez*, 231 F.3d 1240, 1247 (9th Cir. 2000) (deliberative process privilege and work product doctrine); *cf.* Cal. Evid. Code, § 954 (attorney-client privilege), Cal. Code Civ. Proc., § 2018.030 (work product doctrine), *Lyons*, 70 Cal. App. 3d at 344 (official information privilege), *San Joaquin County Local Agency Formation Commission v. Superior Court*, 162 Cal. App. 4th 159 (2008) (deliberative process privilege), *California First Amendment Coalition v. Superior Court*,

67 Cal. App. 4th 159 (1998) (deliberative process privilege), *Wilson v. Superior Court*, 51 Cal.App.4th 1136 (1996) (deliberative process privilege). If any of the material in any other investigative file was a part of a Hart-Scott-Rodino filing, that material is further protected from use in other investigations. 15 U.S. Code § 18a(h). Nowhere in your letter do you explain how your request overcomes these privileges and doctrines.

Finally, asking Plaintiff States to search through the files of our other investigations is highly burdensome. Rule 26(b)(1) expressly requires comparison of the burden or expense of proposed discovery against its "likely benefit." The likely benefit necessarily depends on the information's relevance and importance in resolving the issues. As discussed earlier, information from other investigations are unlikely to be relevant to a cognizable claim or defense in this matter, and you have not explained with specificity otherwise. When discovery is only marginally relevant and the request is burdensome, the limited utility is outweighed by the burden. *See, e.g.*, *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1069–72 (9th Cir. 2004).

We decline to search through the files of our other investigations.

**3. US DOJ/FCC materials (RFP 3)**

Subject to and without waiving any of Plaintiffs' objections, Plaintiff States will collect and produce relevant and discoverable materials responsive to this RFP, if not already produced as part of the investigative file.

**4. Premature RFPs (5-18, 21-23, 27-31)**

Plaintiff States objected to a number of RFPs that asked for materials we believe to be premature. We are not withholding otherwise discoverable materials for these RFPs based on the prematurity objection. Any discoverable material currently in our possession responsive to these requests would have already been produced as part of our investigative file. Any third party material we receive during the course of litigation would be shared with Defendants as a matter of course per the Protective Order, and discoverable expert materials will be disclosed during expert discovery.

**5. Definition and scope of "investigative file"**

We do not believe there is actually a disagreement here. We produced all of the discoverable material in our investigative file for this matter. By "considered," we were referring to whether we considered a document to be part of this investigation, not to whether we used or evaluated that document. For example, a third party sent us an email. If we considered that email to be part of this investigation, then that email was made part of our investigative file and we produced it if it was otherwise discoverable, regardless of whether we used or evaluated the content of that email.

**6. Supervisory personnel**

California and New York can confirm that we did collect and produce discoverable materials from the "front office" personnel who supervised this case. We are still checking for the other states and will produce responsive documents.

**7. State agencies**

California and New York can confirm that we did not confer or communicate with any state agency as part of this case. We are still checking for the other states and will produce responsive documents.

**8. Other parts of the attorney general's office**

We decline to search and produce documents from other sections (*i.e.* sections NOT responsible for the investigation and prosecution of this action) in the attorney general's offices for Plaintiff States for the same reasons that we decline to produce documents from other investigation files – lack of relevance, significant burdens, and inability to overcome privileges and protective doctrines. You should be aware that the case you previously cited for this proposition, *People v. Meta Platforms, Inc.*, 2025 U.S. Dist. LEXIS 83004 (N.D. Cal. Mar. 6, 2025), was overturned on a writ by the Ninth Circuit, *California v. U.S. Dist. Ct. for the N. Dist. of Cal. (In re California)*, No. 25-584, 2025 U.S. App. LEXIS 21618 (9th Cir. Aug. 22, 2025).

Sincerely,

*/s/ Brian Wang*
BRIAN D. WANG
Deputy Attorney General

FOR ROB BONTA
California Attorney General

*Attorney for Plaintiff State of California, on Behalf of all Plaintiff States*