UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Nexstar-TEGNA Merger Litigation | No. 2:26–cv–00976–TLN–CKD<br><u>ORDER</u><br>(ECF No. 315) |

Pending before the Court is plaintiff States and DIRECTV, LLC's motion to compel defendants Nexstar Media Group, Inc. and TEGNA Inc. to respond to Interrogatory 3. (ECF No. 315.) Defendants opposed this motion in the parties' September 23, 2026, joint statement. (ECF No. 315-1.) The matter was heard on October 7, 2026, before the undersigned. Justin Raphael, McGregor Scott, Emily Blackburn, and Brandon Thomas appeared for plaintiff DIRECTV, LLC; Laura Antonini and Brian Wang appeared on behalf of State plaintiffs; and Sarah Neuman, Kosta Stojilkovic, and Alexander Okuliar appeared on behalf of defendants. For the reasons that follow, the Court DENIES plaintiffs' motion to compel without prejudice.

**<u>BACKGROUND</u>**

Plaintiffs State of California, State of Colorado, State of Connecticut, State of Illinois, State of Indiana, State of Kansas, Commonwealth of Massachusetts, State of New York, State of North Carolina, State of Oregon, Commonwealth of Pennsylvania, State of Vermont, Commonwealth of Virginia (collectively, "State plaintiffs") and DIRECTV, LLC bring an action

to remedy and unwind a merger between defendants Nexstar Media Group, Inc. and TEGNA Inc. for violations of Section 7 of the Clayton Act, 15 U.S.C. § 18. (ECF No. 201 ¶ 98; No. 202 ¶ 118.) Defendants raise an affirmative defense that the merger would "result in substantial acquisition-specific efficiencies." (ECF No. 227 at 29, No. 228 at 25.)

While the Ninth Circuit is "skeptical" of an efficiencies affirmative defense, courts that recognize the defense make clear that a defendant "must 'clearly demonstrate' that 'the proposed merger enhances rather than hinders competition because of the increased efficiencies.'" Saint Alphonsus Medical Center-Nampa, Inc. v. St. Luke's Health System, Ltd., 778 F. 3d 775, 790 (9th Cir. 2014) (quoting United States v. Long Island Jewish Med. Ctr., 983 F. Supp. 121, 137 (E.D.N.Y. 1997)).

Defendants have objected to providing a complete response to Interrogatory 3 until expert discovery. (ECF No. 315-1 at 1.) The parties attempted to resolve the dispute by meeting via videoconference on July 21, 2026, and September 17, 2026, while communicating via letter and email through the months of July, August, and September. Id. The parties were unable to reach a resolution and thus filed their joint statement on September 23, 2026. (ECF No. 315.) A hearing was held on October 7, 2026, at which the Court heard oral argument on the motion and took the matter under submission. (ECF No. 332.)

**LEGAL STANDARDS**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Rule 33 requires that, unless otherwise agreed upon or ordered, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2). Parties must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an

interrogatory, but a reasonable effort to respond must be made." Haney v. Saldana, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) (citing L.H. v. Schwarzenegger, 2007 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1). The moving party bears the burden to "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." Adams v. Yates, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013) (citations omitted). Local Rule 251 governs motions to compel and requires the parties to confer and attempt to resolve their discovery differences.

**DISCUSSION**

State plaintiffs and plaintiff DIRECTV, LLC seek to compel defendants Nexstar Media Group, Inc. and TEGNA Inc. to respond to Interrogatory 3, which seeks:

> Any and all Efficiencies that You contend the TEGNA Transaction will or may achieve that could not be achieved absent the TEGNA Transaction and, for each such Efficiency, describe how Nexstar plans to achieve the Efficiency and state the factual basis for Your contention that the Efficiency could not be achieved absent the TEGNA Transaction.

(ECF No. 315-1 at 1.) Defendants object that the definition of efficiencies is overbroad, irrelevant, unduly burdensome, and includes efficiencies that defendants do not claim as a result of the TEGNA transaction. (ECF No. 315-1 at 1 n.2.) Defendants further object to the definition of efficiencies to the extent that it falls outside of the scope of the ordinary legal meaning of the term and as defined in federal caselaw. Id.

> Efficiencies are defined in Interrogatory 3 as:
> Any purported increase in productivity or competitiveness; reduction in costs; elimination of duplicative functions; achievement of economies of scale; increase in output or quality; the introduction of a new product or service; or product or service improvements as a result of the merger or acquisition, including any of the

> foregoing related to local news, advertising or competition against streaming services or technology companies.

Id. at n.1.

Plaintiffs contend that an efficiency defense is a showing that "the proposed merger will create a more efficient combined entity and thus increase competition." Id. at 5 (citing Saint Alphonsus, 778 F.3d at 790). The Court finds the interrogatory definition comports with the ordinary legal meaning and is appropriate in scope. See Horizontal Merger Guidelines of the United States Department of Justice and Federal Trade Commission ("Merger Guidelines") (Revised April 8, 1997) § 4.0 ("Efficiencies generated through merger can enhance the merged firm's ability and incentive to compete, which may result in lower prices, improved quality, enhanced service, or new products); see also Merger Guidelines (Revised August 19, 2010) § 10 ("A primary benefit of mergers to the economy is their potential to generate significant efficiencies and thus enhance the merged firm's ability to compete, which may result in lower prices, improved quality, enhanced service, or new products."). Therefore, defendants' objections on this basis are overruled.

However, defendants mainly object to Interrogatory 3 because it prematurely seeks information subject to expert testimony, and that it is a premature contention interrogatory. (ECF No. 315-1 at 1, 9-12.) Defendants argue that the analysis of merger-specific efficiencies is left to expert economists and the parties' expert discovery, and that plaintiffs' attempts at obtaining this information during fact discovery contravene the parties' expert disclosure schedule. Id. at 10-11. Defendants point out that courts have denied motions to compel responses to interrogatories where the information sought after is subject to expert analysis. Id. at 11-12 (citing F.T.C. v. Kroger Co., 2024 WL 2805295, at *2 (D. Or. Apr. 12, 2024); F.T.C. v. Amazon.com, Inc., 2025 WL 1557189, at *8-9, n.7 (W.D. Wash. Feb. 13. 2024).[1]

[1] The Court has also considered the case cited by plaintiffs: FTC v. Meta Platforms, Inc., No. CV 20-3590 (JEB), 2023 WL 3092651 (D.D.C. Apr. 26, 2023). However, the Court does not find it persuasive. In that case, as the defendants pointed out at oral argument, the transactions had been completed long before the interrogatories were propounded such that data was already available. In this case, by contrast, the merger has not been effectuated.

The Court finds defendants' arguments well-taken. Plaintiffs argue that they will not have a full opportunity to gather information regarding efficiencies during fact discovery, particularly to rebut expert witnesses (ECF No. 315-1 at 2), and voiced concern at oral argument that the fact witnesses might, at trial, rely on information provided later by the experts. The Court finds this unavailing as plaintiffs will have an opportunity to fully explore at depositions what the fact witnesses knew or believed about the merger long before the involvement of experts. Should the fact witnesses elaborate later based on the expert reports, the usual trial mechanisms of motions to exclude, motions in limine, and cross-examination will remain available to plaintiffs. Plaintiffs also voiced concern that the experts will develop post-hoc rationales to justify the merger. This can be explored in expert discovery through rebuttal reports and expert depositions, and the normal trial mechanisms available to plaintiffs should allow the trial judge to resolve any such issues. Thus, defendants' objections on these grounds are sustained.

Defendants also object to Interrogatory 3 on the basis that they have already provided responsive information, citing their responses to Second Request Specification 46, plaintiff DIRECTV's Request for Production 10, and plaintiff States' Request for Production 37. Id. at 1-2. Additionally, defendants argue that they provided three dozen page ranges in a 341-page comprehensive exhibit to the Federal Communications Commission regarding accounts of expected efficiencies and procompetitive benefits from the merger. Id. at 8-9. Plaintiffs counter that the Federal Communications Commission documents are insufficient because defendants were unable to confirm whether the submission contained merger-specific information that supported their affirmative defenses, and that the submissions totaled over 100 pages. Id. at 6. Further, plaintiffs argue that defendants' document production is in the "millions of pages." Id. at 7 n. 5. While the Court finds that defendants have provided some information that is responsive to Interrogatory 3, it disagrees with the contention that these responses would have rendered a response to Interrogatory 3 as duplicative and overrules defendants' objection to Interrogatory 3 on this basis.

Lastly, defendants object to Interrogatory 3 to the extent that the information being sought is protected by attorney-client privilege, work product doctrine, joint defense privilege, and as

containing business strategies, financial projections, and integration plans that are competitively sensitive. (ECF No. 315-1 at 1.) As a preliminary matter, the Court finds defendants' privilege objections to be boilerplate. See Diaz v. Heredia, 2022 WL 2134967, at *13 (C.D. Cal. Mar. 4, 2022) (finding an objection "lacking" where a defendant objected to producing documents "to the extent" they were privileged). Additionally, defendants may not withhold responsive documents "merely because they are confidential business documents." See Fresnius Care Holding, Inc. v. Baxter Int'l, Inc., 224 F.R.D. 644, 654 n.3 (N.D. Cal. 2004). Therefore, the Court overrules both remaining objections.

In sum, the Court sustains defendants' objections to Interrogatory 3 on the basis that it prematurely seeks information that will properly be the subject of expert testimony. Thus, plaintiffs' motion to compel defendants' response to Interrogatory 3 is denied without prejudice. The parties will be permitted to raise the matter again if the issues are not addressed in expert discovery as defendants assert they will be.

**CONCLUSION**

Accordingly, it is HEREBY ORDERED that plaintiffs' motion to compel responses to Interrogatory 3 (ECF No. 315) is DENIED without prejudice.

Dated: October 8, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, nexts.26cv976