UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| **In re Nexstar-TEGNA Merger Litigation** | 2:26-cv-00976-TLN-CKD<br><br>**[PROPOSED] STIPULATED PROTOCOL GOVERNING DEPOSITION PROCEDURES**<br><br>Judges: Honorable Troy L. Nunley and Honorable Carolyn K. Delaney<br>Trial Date: July 6, 2027<br>Action Filed: March 18, 2026 |

WHEREAS, the Plaintiff States, Plaintiff DirecTV, Defendant Nexstar Media Group, Inc., and Defendant TEGNA Inc. (collectively "the Parties" and individually "Party"), through undersigned counsel, have already stipulated to certain procedures governing Depositions in this consolidated matter, which have been entered by the Court (ECF No. 258 at 6-8);

WHEREAS, the Parties agreed to "negotiate a deposition protocol to govern deposition procedures, if necessary" (ECF No. 258 at 8);

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, that Depositions shall proceed subject to the following rules and procedures.

**DEFINITIONS**

1. "Court Reporter" means the individual designated by the Court Reporting Agency to administer, record, and transcribe the Deposition.

2. "Court Reporting Agency" means the court reporting company selected for the Deposition.

3. "Deposed Party Counsel" means counsel for the Witness whose Deposition has been noticed pursuant to this Protocol Governing Deposition Procedures ("Deposition Protocol").

4. "Deposing Party Counsel" means counsel for the Party or Parties that noticed the Deposition pursuant to this Deposition Protocol and the questioning attorney for the non-noticing side. Where both sides notice a Deposition, counsel for the Parties shall be referred to collectively as Deposing Party Counsel.

5. "Deposition" means a Deposition conducted pursuant to Federal Rule of Civil Procedure ("Rule") 30 or pursuant to a subpoena under Rule 45, regardless of whether it is conducted as an In-Person Deposition or as a Remote Deposition.

6. "Deposition Exhibit Platform" means the software application provided by the Court Reporting Agency to display exhibits during the Deposition.

7. "Deposition Participants" means counsel for the Parties permitted to attend a Remote Deposition by this Deposition Protocol, the Witness, the Witness's counsel (if not represented by counsel of a Plaintiff or Defendant), the Court Reporter, the Videographer, any officer as defined in Federal Rule of Civil Procedure 28(a)(1)(A), client representatives (solely

with respect to Depositions of a current or former employee or consultant of that Party), Experts, and any other participant agreed upon in advance of the Deposition by the Parties.

8. “Deposition Video Platform” means the videoconferencing Platform provided by the Court Reporting Agency to host the Deposition.

9. “Expert” means an expert retained in connection with this action, as well as any support staff for such Expert.

10. “In-Person Deposition” means any Deposition in which the Witness, Deposed Party Counsel, Deposing Party Counsel, Court Reporter, and Videographer are physically present in the same room at the time of the Deposition.

11. “Noticed Party” means any Witness, Party, or Third Party that is the recipient of a notice of Deposition or subpoena pursuant to Federal Rule of Civil Procedure 45.

12. “Noticing Party” or “Noticing Parties” means the Party or Parties who serve a notice to take a Deposition of a given Witness.

13. “Participating Counsel” means Deposed Party Counsel, Deposing Party Counsel, any other counsel for a Party, and (in the case of Third-Party Depositions) counsel for the Deposed Third Party.

14. “Party” or “Parties” for purposes of this Deposition Protocol means the named Parties to this action and those consultants, agents, representatives, or former employees of named Parties who are represented by counsel for a Party or are represented by counsel paid for or retained by a Party or its counsel on their behalf.

15. “Platform” means the videoconferencing computer application that enables the Parties to conduct a Remote Deposition in accordance with this Deposition Protocol. The Parties agree that the video and audio feed for all Remote Depositions will be conducted through Zoom or a similar videoconferencing Platform.

16. “Primary Counsel” means counsel designated by the Parties and the Witness at the beginning of the Deposition as provided in Paragraph 31.

17. “Remote Deposition” means a Deposition of a Party or Third-Party Witness using a Platform as agreed to under this Deposition Protocol where Deposition Participants—including

Participating Counsel, the Witness, Court Reporters, and/or Videographers—are not all physically present in the same location at the time the Deposition is taken.

18. "Third Party" or "Third-Party Witness" means any natural person, entity, or an entity's directors, officers, or employees that is neither a Party nor an expert retained by any of the Parties or the Parties' counsel and from whom a Party is seeking testimony at a Deposition in this action.

19. "Videographer" means the individual designated by the Court Reporting Agency or the Remote Deposition Video Platform to record the Deposition by videographic means, including by recording the live stream of any Remote Deposition.

20. "Witness" means the person, including a Third Party, whose Deposition has been noticed in this action, including any person designated to appear to give testimony on behalf of a Party or Third Party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

**SCOPE OF THE PROTOCOL GOVERNING DEPOSITION PROCEDURES**

21. Except as specifically provided herein, this Deposition Protocol shall govern all discovery Depositions of Party and Third-Party Witnesses (including Depositions of Rule 30(b)(6) Witnesses) and Expert Witnesses taken in this consolidated action.

22. This Protocol incorporates the provisions in the Court's Order Amending the Initial Pretrial Scheduling Order, Setting Trial, and Entering Stipulated Discovery Protocol dated July 9, 2026 (ECF No. 258, the "Discovery Protocol") and does not modify the governing rules for the taking of Depositions imposed by the Federal Rules of Civil Procedure or the Federal Rules of Evidence except to the extent those rules are expressly modified by the Discovery Protocol or herein. Nothing in this Deposition Protocol shall be construed to permit any sharing of confidential information not permitted by the Protective Order entered in this action.

23. This Deposition Protocol may be modified at any time by agreement of the Parties or by order of the Court. All Parties reserve all rights to seek relief from the Court from any provision for good cause.

**SCHEDULING & LOCATION OF DEPOSITIONS**

24. Pursuant to the Discovery Protocol, "If a Deposition is noticed to take place in person, then the Witness will not satisfy their compliance obligations unless they appear in person, except by agreement of the Noticing Party. Otherwise, for any Deposition, each Party may notice, take, defend, or otherwise participate in any such Deposition either in person, or remotely, in their sole discretion, notwithstanding how any other Party elects to notice, take, defend, or otherwise participate in such Deposition. The Parties will negotiate a Deposition protocol to govern Deposition procedures, if necessary." ECF No. 258 at 8.

25. The Parties shall consult with each other prior to confirming any Deposition to coordinate the time and place of the Deposition. The Parties shall use reasonable efforts to accommodate each Witness's schedule and to set In-Person Depositions at a location convenient to the Witness. Parties will make reasonable efforts to make Witnesses available for Deposition promptly upon notice.

26. Pursuant to the Discovery Protocol, "Plaintiff States and DIRECTV may designate up to five Depositions of Defendants' officers, directors, or employees that shall be limited to 10 hours on the record of total questioning by Plaintiff States and DIRECTV and 2 hours of questioning by Defendants." ECF No. 258 at 6–7. If Plaintiffs intend to use one of their five 10-hour Depositions for a particular Witness, Plaintiffs must notify Defendants at the time the Deposition is noticed. The Parties shall work together to determine whether the Deposition will be conducted in one day or two consecutive days to facilitate scheduling.

27. A Party intending to issue a Deposition subpoena to a Third Party must notify all other Parties three business days prior to issuing the subpoena. Any other Party shall cross-notice any Deposition of that Third Party within three business days of the original subpoena's issuance.[1]

28. A Party issuing a Deposition subpoena to a Third Party may specify a proposed "placeholder" date for the Deposition in the subpoena, but must then meet and confer with

[1] The subpoena's date of issuance shall be presumed to be three business days from the date of the notice to other Parties.

counsel for the Third Party (if known) and the other Parties to discuss a date, time, and location for the Deposition. The Noticing Party shall serve a copy of this Deposition Protocol and the Protective Order along with the subpoena to any Third Party.

29. Notices of Depositions shall be served on all counsel of record electronically. Any subpoenas for Deposition testimony shall be served electronically on all counsel of record.

30. A Noticed Party receiving notice of a Deposition pursuant to Rule 30(b)(6) will have fourteen calendar days from the date of receipt to object to the notice and any topics for examination. The Noticing Party and Noticed Party will work in good faith and meet and confer within seven calendar days of receipt of any objections to attempt to resolve such objections.

**DEPOSITION CONDUCT**

31. On the record at the start of the Deposition, the Parties shall identify no more than one counsel for each Party or Deposed Party to serve as Primary Counsel. For purposes of identifying Primary Counsel, the Plaintiff States are a single Party and will collectively identify a single Primary Counsel. If Plaintiff States and DIRECTV each designate a Primary Counsel, only one Primary Counsel may address the deponent at a time. Subsequent examiners from the same side, if any, shall make good faith efforts not to repeat the same or substantially the same question asked by earlier Counsel. At any deposition of a Witness not party to this action, Deposed Party Counsel for that Witness shall also designate a Primary Counsel.

32. An objection by one Party during a Deposition qualifies as, and preserves, an objection by all Parties.

**DEPOSITION TECHNOLOGY**

33. Depositions shall be recorded by stenographic means by the Court Reporter. The costs charged by the Court Reporting Agency for the Deposition shall be paid by the Noticing Party or, if there are multiple Noticing Parties, shall be shared equally among the Noticing Parties. Any Party electing to record the Remote Deposition by audiovisual means shall do so at its own expense. Each Party will bear its own costs for copies of transcripts and copies of video recordings of any Deposition.

34. The Court Reporter will make a real-time live feed of the Deposition transcript available to all Deposition Participants other than the Witness, who is not permitted to use a real-time live feed. Parties and Third Parties shall bear their own costs for their use of any real-time live feed.

35. The Witness and Primary Counsel must participate with their video feeds switched on, and all Deposition Participants using audio dial-in must identify themselves to the Court Reporter.[2] Any video recording shall be made using the camera focused on the Witness, not Primary Counsel or any of the other Deposition Participants. Deposition Participants other than Primary Counsel and the Witness shall have their cameras and microphones turned off while testimony is being taken on the record.

36. The only recording of the Deposition, whether audio or visual, will be by the Videographer provided by the Court Reporting Agency, and the Court Reporting Agency will record only when the Remote Deposition is on the record. The Court Reporting Agency will disable any other “record” function in the Deposition Video Platform, to the extent the vendor is able to, and the Parties and Deposition Participants will not use any other means to record the Deposition.

**REMOTE DEPOSITIONS**

37. Notwithstanding any other rule to the contrary, the Parties stipulate that the Witness’s oath or affirmation may be administered remotely for any Remote Deposition. Such oath or affirmation shall be deemed valid and effective pursuant to applicable law to the same extent as if the oath or affirmation had been delivered in the physical presence of the Witness, even if the Court Reporter is not a notary public in the state where the Witness is located at the time of the Deposition. The place of examination is the location of the Witness. A Remote Deposition shall be deemed to have been conducted before an appropriate officer, as defined in

[2] To the extent that Primary Counsel for the States and Primary Counsel for DIRECTV intend to ask questions of the Witness, they may turn their video off while the other Primary Counsel is questioning the Witness. If practicable, the videographers’ recording of the witness shall serve as a "live feed" so long as it is visible to all Deposition Participants

Federal Rule of Civil Procedure 28(a)(1)(A), as long as that officer attends the Deposition via the same Platform that Participating Counsel use to attend the Deposition.

38. The Parties hereby expressly waive all objections regarding the admissibility of any testimony given during a Remote Deposition based solely on the fact that the testimony was given during a Remote Deposition. Remote Deposition testimony, including both the transcript and video record, if any, may be used at a trial, at hearings, in motions, or in other modes in these proceedings to the same extent that In-Person Deposition testimony may be used at trial, at hearings, in motions, or in other modes in these proceedings.

39. The Platform for a Remote Deposition will be configured such that any private chat feature is disabled. Breakout room features may be enabled only for breaks and recesses off the record. Conversations in the breakout rooms shall not be recorded.

40. The Witness will not communicate with Deposed Party's Counsel, other counsel, or any other person by chat, email, text message, or any other means while the Remote Deposition is on the record. When the Remote Deposition is off the record, including during breaks, the Witness and the Deposed Party Counsel may communicate by any means to the extent they would be permitted during an In-Person Deposition.

41. With the exception of hardware necessary to view exhibits introduced during the Remote Deposition, the Witness will not have before them any hardware, such as a mobile phone or tablet, that is not required to participate in the Remote Deposition and will close all other windows and programs on their computer other than software required to participate in the Remote Deposition.

42. While on the record, the Witness may not, without the express consent of counsel for all Parties present during the Deposition, review, read, have before them, or otherwise access any document, including handwritten notes, email, text messages, web pages, apps, video, audio, or other material.

43. No person attending a Remote Deposition shall permit anyone who is not subject to the Protective Order (ECF No. 238) in this case to hear or view the Remote Deposition while it is being conducted.

**EXHIBITS**

44. Each document marked for identification at a Deposition shall be numbered with an exhibit number.

45. The Parties will undertake best efforts to sequentially mark individual exhibits by side, consistent with Chief Judge Nunley's typical trial practice, to facilitate re-use of Deposition exhibit markings for trial exhibits. Plaintiffs will list the exhibits they introduce numerically using the format PX####, and Defendants will list the exhibits they introduce alphabetically using the format DX####. Once a document has been assigned a particular exhibit number or letter, the Parties will undertake best efforts to use only that exhibit number or letter in subsequent Depositions to avoid the same document having multiple numbers or letters assigned.

46. The Parties agree that the method of marking and using exhibits for a Remote Deposition is (1) through the Remote Deposition Exhibit Platform enabled for Remote Depositions, which shall enable the Deposing Party Counsel to share exhibits electronically with the Witness, the Deposed Party Counsel, the Court Reporter, and Deposition Participants, (2) by marking and providing hard copies of the exhibits to the Witness and Deposed Party Counsel at least one business day in advance in a sealed envelope, which Deposed Party Counsel will not open or review until instructed by the Deposing Party Counsel, or (3) by marking and using hard copies of exhibits insofar as the Deposing Party Counsel is in the same room as the Witness, in which case electronic copies of the exhibits must also be shared simultaneously with the Deposition Participants through the Platform.

47. Insofar as any Deposing Party Counsel marks and uses exhibits pursuant to Paragraph 47(1), the exhibits will be made available in a manner that will allow the Witness and Primary Counsel to have a complete electronic copy and personal control of each exhibit when it is introduced remotely via the Remote Deposition Exhibit Platform.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 16, 2026

*/s/ Laura Antonini*
LAURA ANTONINI
*Attorneys for Plaintiff The State of California and on Behalf of All Plaintiff States*

DATED: November 16, 2026

*/s/ Glenn Pomerantz*
Glenn Pomerantz
*Attorneys for Plaintiff DIRECTV, LLC*

DATED: November 16, 2026

*/s/ Kosta Stojilkovic*
KOSTA STOJILKOVIC
*Attorneys for Defendants*
*Nexstar Media Group, Inc. and TEGNA Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:______________________

______________________________
HONORABLE TROY L. NUNLEY
Chief United States District Judge